1
2
3
4
5
6

GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA, SBN 254433
  dmanthripragada@gibsondunn.com
PETER C. SQUERI, SBN 286249
  psqueri@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

7
8
9

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:   949.451.3800
Facsimile:   949.475.4668

10
11

Attorneys for Defendant Postmates Inc.

12

13

UNITED STATES DISTRICT COURT

14

NORTHERN DISTRICT OF CALIFORNIA

15

SAN FRANCISCO DIVISION

16

17
18
19
20
21
22

DORA LEE, on behalf of herself and all others
similarly situated,

                    Plaintiff,

          v.

POSTMATES INC.,

                    Defendant.

CASE NO.

**DECLARATION OF THEANE EVANGELIS
IN SUPPORT OF DEFENDANT'S NOTICE
OF REMOVAL**

Action Filed:   May 8, 2018

23
24
25
26
27
28

Gibson, Dunn &
Crutcher LLP

DECLARATION OF THEANE EVANGELIS IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

## DECLARATION OF THEANE EVANGELIS

I, Theane Evangelis, declare as follows:

1.      I am an attorney admitted to practice law before all courts of the State of California and in the United States District Court for the Northern District of California.  I am a partner in the law firm of Gibson, Dunn & Crutcher LLP, and I am one of the attorneys primarily responsible for the representation of Defendant Postmates Inc. ("Defendant") in this matter. Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Docket Sheet in *Lee v. Postmates Inc.*, Case No. CGC-18-566394.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons, Complaint, Civil Cover Sheet, Notice to Plaintiff, and other related documents served on Defendant on May 11, 2018.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the March 11, 2018 Proof of Service of Summons in *Lee v. Postmates Inc.*, Case No. CGC-18-566394.

5.      In accordance with 28 U.S.C. § 1446(a), Exhibits A-C include "all process, pleadings and orders served upon" the Defendant in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on this 8th day of June, 2018, in Los Angeles, California.


By:     */s/ Theane Evangelis*
                Theane Evangelis

# EXHIBIT A

Contact Us

### THE SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SAN FRANCISCO

Case Number: CGC18566394
Title: DORA LEE VS. POSTMATES INC.
Cause of Action: OTHER NON EXEMPT COMPLAINTS
Generated: 2018-06-08 1:06 am

Register of Actions    Parties    Attorneys    Calendar    Payments    Documents

**Please Note: The "View" document links on this web page are valid until 1:16:16 am**
**After that, please refresh your web browser. (by pressing Command +R for Mac, pressing F5 for Windows or clicking the refresh button on your web browser)**

## Register of Actions

Show 10 entries    Search:

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| 2018-05-14 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF LEE, DORA ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED SERVED MAY-11-2018, PERSONAL SERVICE AS TO DEFENDANT POSTMATES INC. | View | |
| 2018-05-08 | NOTICE TO PLAINTIFF | View | |
| 2018-05-08 | OTHER NON EXEMPT COMPLAINTS, COMPLAINT FILED BY PLAINTIFF LEE, DORA ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED AS TO DEFENDANT POSTMATES INC. SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR OCT-10-2018 PROOF OF SERVICE DUE ON JUL-09-2018 CASE MANAGEMENT STATEMENT DUE ON SEP-17-2018 COMPLEX LITIGATION ASSIGNMENT REQUESTED BY FILING PARTIES; FEE INCLUDED IN FILING FEE | View | $1450.00 |

Showing 1 to 3 of 3 entries                                      Previous   1   Next

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Postmates, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Dora Lee, on behalf of herself and all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Francisco Superior Court

CASE NUMBER *(Número del Caso):* CGC-18-566394

400 McAllister St.
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shannon Liss-Riordan, 729 Boylston Street, Suite 2000, Boston, MA 02116

DATE: 5/07/2018     MAY 08 2018     CLERK OF THE COURT     KALENE APOLONIO     , Deputy
*(Fecha)*          *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Postmates Inc.

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

BY FAX
ONE LEGAL LLC

1  SHANNON LISS-RIORDAN (SBN 310719)
2  (sliss@llrlaw.com)
   LICHTEN & LISS-RIORDAN, P.C.
3  729 Boylston Street, Suite 2000
   Boston, MA 02116
4  Telephone:     (617) 994-5800
5  Facsimile:     (617) 994-5801

6  *Attorney for Plaintiff Dora Lee,*
   *on behalf of herself and all others similarly situated*
7

ENDORSED
**F I L E D**
*San Francisco County Superior Court*

MAY 0 8 2018

CLERK OF THE COURT
KALENE APOLONIO
BY:_____
                    Deputy Clerk

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

10

11                                              Case No.  **CGC - 18 - 566394**

12  DORA LEE, on behalf of herself and all others
    similarly situated,

13                                              **CLASS ACTION COMPLAINT**
                    Plaintiff,

14                                              1. FAILURE TO REIMBURSE FOR
                                                   BUSINESS EXPENSES (CAL. LAB.
15          v.                                     CODE § 2802)
                                                2. MINIMUM WAGE (CAL. LABOR
16  POSTMATES INC.;                                CODE §§ 1194, 1197)
                                                3. WILLFUL MISCLASSIFICATION
17                  Defendant.                     (CAL. LABOR CODE § 226.8)
                                                4. UNLAWFUL AND/OR UNFAIR
18                                                 BUSINESS PRACTICES (CAL. BUS.
19                                                 & PROF. CODE §§17200-17208)

20

21

22

23

24

25

26

27                                  1
28                      CLASS ACTION COMPLAINT

BY FAX
ONE LEGAL LLC

## I. **INTRODUCTION**

1.     This case is brought on behalf of individuals who have worked as Postmates couriers in California since June 2, 2017.  Postmates Inc. ("Postmates") provides on-demand delivery of food and other merchandise to customers at their homes and businesses through its mobile phone application and website.  Postmates is based in San Francisco, California, but it does business across the United States and extensively throughout California.

2.     As described further below, Postmates has willfully misclassified its couriers including Plaintiff Dora Lee, in violation of Cal. Labor Code § 226.8.  Additionally, because of couriers' misclassification as independent contractors, Postmates has unlawfully required couriers to pay business expenses (including expenses to own or lease a vehicle and maintain and fuel it, as well as phone/data expenses) in violation of Cal. Lab. Code § 2802 and has also failed to pay required minimum wage for all hours worked in violation of Cal. Lab. Code §§ 1197 and 1194.

## II. **PARTIES**

3.     Plaintiff Dora Lee is an adult resident of Huntington Beach, California, where she has worked as a courier for Postmates.

4.     Plaintiff brings this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as couriers for Postmates throughout California since June 2, 2017.

5.     Defendant Postmates, Inc. ("Postmates") is headquartered in San Francisco, California.

## III. **JURISDICTION**

6.     This Court has jurisdiction over Plaintiff's claims pursuant to California Code of Civil Procedure § 410.10.  The monetary relief which Plaintiff seeks is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

7. Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because Postmates is headquartered in San Francisco County.  Furthermore, Defendant engages in business activities in and throughout the State of California, including San Francisco County.

## IV. STATEMENT OF FACTS

8. Postmates is a San Francisco-based delivery service, which engages couriers across the state of California to deliver food and other merchandise to its customers at their homes and businesses.

9. Postmates offers customers the ability to order food and other items via a mobile phone application or via its website, which Postmates couriers then deliver to customers.

10. Postmates holds itself out to the public as a delivery service.  Its website homepage advertises that it offers customers "Anything, anywhere, anytime."  Postmates' website also promotes its "Postmates Unlimited" service where customers can subscribe and receive unlimited free deliveries, touting "Pay once, free delivery all year."  Its website also boasts that "Postmates is transforming the way goods move around cities by enabling anyone to have anything delivered on-demand."

11. Plaintiff Dora Lee has driven for Postmates at various times, including over the last year, and continues to drive for Postmates.

12. Postmates classifies its couriers like Ms. Lee as "independent contractors," but under California law, they should be classified as employees.

13. Postmates perform services within Postmates' usual course of business as a delivery service.  The couriers' services are fully integrated into Postmates' business.  Without couriers to perform deliveries, Postmates would not exist.

14. Postmates couriers are not typically engaged in their own delivery business. When delivering items for Postmates customers, they wear the "hat" of Postmates.

3
CLASS ACTION COMPLAINT

15.     In addition, Postmates maintains the right of control over the couriers' performance of their jobs and exercises detailed control over them.

16.     Postmates unilaterally sets the pay scheme and rate of pay for couriers' services and changes the rate of pay in its sole discretion.

17.     Postmates communicates directly with customers and follows up with couriers if the customer complains that something was not delivered or that the delivery otherwise failed to meet their expectations.  Based on any customer feedback, Postmates may suspend or terminate couriers.

18.     Postmates does not reimburse couriers for any expenses they may incur while working for Postmates, including, but not limited to the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Postmates Application.  Couriers incur these costs as a necessary expenditure to work for Postmates, which California law requires employers to reimburse.

19.     Postmates pays couriers a fee per delivery plus a certain amount of "boost pay." Postmates has failed to ensure that its couriers receive the applicable state minimum wage for all hours worked, and couriers frequently do not receive minimum wage for all hours worked, particularly given that customers' tips cannot count toward Postmates' minimum wage obligations.

20.     On April 30, 2018, the California Supreme Court issued its decision in Dynamex Operations W., Inc. v. Superior Court, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that Postmates couriers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here.  Under the "ABC" test adopted in Dynamex, in order to justify classifying the couriers as independent contractors, Postmates would have to prove that its couriers perform

4
CLASS ACTION COMPLAINT

services outside its usual course of business, which it cannot do. Notwithstanding this decision, Postmates has willfully continued to misclassify its couriers as independent contractors.

**V.    CLASS ALLEGATIONS**

21.    Plaintiff Dora Lee brings this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all Postmates couriers who have worked for Postmates in California since June 2, 2017.

22.    Plaintiffs and other class members have uniformly been classified as independent contractors, deprived reimbursement of their necessary business expenditures, and have been paid under a system that does not ensure they receive minimum wage.

23.    The members of the class are so numerous that joinder of all class members is impracticable.

24.    Common questions of law and fact regarding Postmates' conduct in classifying couriers as independent contractors, failing to reimburse them for business expenditures, and failing to ensure they are paid at least minimum wage for all hours worked, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

a. Whether the work performed by class members—providing courier service to customers—is within Postmates' usual course of business, and whether such service is fully integrated into Postmates' business;

b. Whether class members are typically engaged in their own delivery businesses or whether they wear the "hat" of Postmates when performing delivery services;

c. Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;

d.  Whether these class members have been required to bear the expenses of their employment, such as expenses for owning or leasing and maintaining their vehicles, including expenses for gas, insurance, phone and data plan.

25.  Named Plaintiff Dora Lee is a class member who suffered damages as a result of Defendant's conduct and actions alleged herein.

26.  The named plaintiff's claims are typical of the claims of the class, and the named plaintiff has the same interests as the other members of the class.

27.  The named plaintiff will fairly and adequately represent and protect the interests of the class.  The named plaintiff has retained able counsel experienced in class action litigation. The interests of the named plaintiff are coincident with, and not antagonistic to, the interests of the other class members.

28.  The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

29.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

1

2

## COUNT I
### Expense Reimbursement
### Violation of Cal. Lab. Code § 2802

3

4

5

6

7

8

     30.    Defendant's conduct, as set forth above, in misclassifying Postmates couriers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

9

10

11

## COUNT II
### Willful Misclassification
### Violation of Cal. Lab. Code § 226.8

12

13

14

15

16

17

     31.    Defendant's conduct, as set forth above, in continuing to classify couriers as independent contractors notwithstanding the California Supreme Court's decision in <u>Dynamex Operations W., Inc. v. Superior Court</u>, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that couriers are employees under California law, violates Cal. Lab. Code §226.8 and constitutes willful misclassification. This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

18

19

20

21

## COUNT III
### Minimum Wage
### Violation of Cal. Lab. Code §§ 1197 and 1194

22

23

24

25

26

     32.    Defendant's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Postmates in California.

27

28

**COUNT IV**
**Unfair Business Practices**
**Violation of Cal. Bus. & Prof. Code §17200, *et seq.***

33.     Defendant's conduct, as set forth above, violates the California Unfair

Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"). Defendant's conduct

constitutes unlawful business acts or practices, in that Defendant has violated California Labor

Code §§ 2802, 1194, 1197, and 226.8. As a result of Defendant's unlawful conduct, Plaintiff and

class members suffered injury in fact and lost money and property, including, but not limited to

business expenses that couriers were required to pay and wages that couriers were due. Pursuant

to California Business and Professions Code § 17203, Plaintiff and class members seek

declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution.

Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff and class members who

worked for Postmates are entitled to recover reasonable attorneys' fees, costs, and expenses

incurred in bringing this action.


WHEREFORE, Plaintiff requests that this Court enter the following relief:

a. Declare and find that the Defendant has violated the UCL and Cal. Lab. Code §§
    2802, 1194, 1197, and 226.8;

b. Certify a class action under Count I through IV and appoint Plaintiff Dora Lee and
    her counsel to represent a class of Postmates couriers who have worked in California;

c. Award compensatory damages, including all expenses and wages owed, in an amount
    according to proof;

d. Award pre- and post-judgment interest;

e. Award reasonable attorneys' fees, costs, and expenses;

f.   Injunctive relief in the form of an order requiring Defendant to comply with the California Labor Code; and

g.   Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

DORA LEE, on behalf of herself and all others similarly situated,

By her attorneys,

Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Dated:          May 7, 2018

9
CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shannon Liss-Riordan (SBN310719)<br>Lichten & Liss-Riordan, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 617-994-5800   FAX NO.: 617-994-5801<br>ATTORNEY FOR *(Name):* Plaintiff | **ENDORSED**<br>**F I L E D**<br>*San Francisco County Superior Court*<br><br>MAY 08 2018<br><br>CLERK OF THE COURT<br>BY: _____ KALENE APOLONIO<br>                          Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94102
BRANCH NAME: Civil Division

CASE NAME:
Lee v. Postmates, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CGC-18-566394 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of Judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* Cal Lab. Code Sections 2802, 226, 226.8, 1197, 1194
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/07/2018
Shannon Liss-Riordan
_____          ►_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|



BY FAX
ONE LEGAL LLC

CASE NUMBER: CGC-18-566394 DORA LEE VS. POSTMATES INC.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE: OCT-10-2018

TIME: 10:30AM

PLACE: Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

 **Superior Court of California, County of San Francisco**
## Alternative Dispute Resolution
## Program Information Package


> The plaintiff must serve a copy of the ADR Information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves.  They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.**  A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet)
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

For more information about ADR programs or dispute resolution alternatives, contact:

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.</u>



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

03/2015 (jc)

**EJT-001-INFO**  Expedited Jury Trial Information Sheet

This information sheet is for anyone involved in a civil lawsuit who will be taking part in an expedited jury trial—a trial that is shorter and has a smaller jury than a traditional jury trial.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.29 and in rules 3.1545–3.1553 of the California Rules of Court. You can find these at any county law library or online at *http://leginfo.legislature.ca.gov/faces/codes.xhtml.* The rules are at *www.courts.ca.gov/rules.*

**(1)  What is an expedited jury trial?**

An expedited jury trial is a short trial, generally lasting only one or two days. It is intended to be quicker and less expensive than a traditional jury trial.

As in a traditional jury trial, a jury will hear your case and will reach a decision about whether one side has to pay money to the other side. An expedited jury trial differs from a regular jury trial in several important ways:

- **The trial will be shorter.** Each side has 5 hours to pick a jury, put on all its witnesses, show the jury its evidence, and argue its case.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer challenges.

**(2)  What cases have expedited jury trials?**

- **Mandatory expedited jury trials.** All limited civil cases—cases where the demand for damages or the value of property at issue is $25,000 or less—come within the *mandatory expedited jury trial* procedures. These can be found in the Code of Civil Procedure, starting at section 630.20. Unless your case is an unlawful detainer (eviction) action, or meets one of the exceptions set out in the statute, it will be within the expedited jury trial procedures. These exceptions are explained more in (7) below.

  - **Voluntary expedited jury trials.** If your civil case is not a limited civil case, or even if it is, you can choose to take part in a *voluntary expedited jury trial,* if all the parties agree to do so. Voluntary expedited jury trials have the same shorter time frame and smaller jury that the

mandatory ones do, but have one other important aspect—all parties must waive their rights to appeal. In order to help keep down the costs of litigation, there are no appeals following a *voluntary* expedited jury trial except in very limited circumstances. These are explained more fully in (9).

**(3)  Will the case be in front of a judge?**

The trial will take place at a courthouse and a judge, or, if you agree, a temporary judge (a court commissioner or an experienced attorney that the court appoints to act as a judge) will handle the trial.

**(4)  Does the jury have to reach a unanimous decision?**

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

**(5)  Is the decision of the jury binding on the parties?**

Generally, yes, but not always. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. The court will enter a judgment based on the verdict, the jury's decision that one or more defendants will pay money to the plaintiff or that the plaintiff gets no money at all.

But parties in an expedited jury trial, like in other kinds of trials, are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also put a cap on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are known as "high/low agreements." You should discuss with your attorney whether you should enter into such an agreement in your case and how it will affect you.

**(6)  How else is an expedited jury trial different?**

The goal of the expedited jury trial process is to have shorter and less expensive trials.

- The cases that come within the mandatory expedited jury trial procedures are all limited civil actions, and they must proceed under the limited discovery and

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2016, Mandatory Form
Code of Civil Procedure, § 630.01–630.10
Cal. Rules of Court, rules 3.1545–3.1553

Expedited Jury Trial Information Sheet

**EJT-001-INFO**   Expedited Jury Trial Information Sheet

pretrial rules that apply to those actions. See Code of Civil Procedure sections 90–100.

o  The voluntary expedited jury trial rules set up some special procedures to help those cases have shorter and less expensive trials. For example, the rules require that several weeks before the trial takes place, the parties show each other all exhibits and tell each other what witnesses will be at the trial. In addition, the judge will meet with the attorneys before the trial to work out some things in advance.

The other big difference is that the parties in either kind of expedited jury trial can make agreements about how the case will be tried so that it can be tried quickly and effectively. These agreements may include what rules will apply to the case, how many witnesses can testify for each side, what kind of evidence may be used, and what facts the parties already agree to and so do not need the jury to decide. The parties can agree to modify many of the rules that apply to trials generally or to any pretrial aspect of the expedited jury trials.

**7**  **Do I have to have an expedited jury trial if my case is for $25,000 or less?**

Not always.  There are some exceptions.

o  The mandatory expedited jury trial procedures do not apply to any unlawful detainer or eviction case.

o  Any party may ask to opt out of the procedures if the case meets any of the criteria set out in Code of Civil Procedure section 630.20(b), all of which are also described in item 2 of the *Request to Opt Out of Mandatory Expedited Jury Trial* (form EJT-003). Any request to opt out must be made on that form, and it must be made within a certain time period, as set out in Cal. Rules of Court, rule 3.1546(c). Any opposition must be filed within 15 days after the request has been served.

*The remainder of this information sheet applies only to voluntary expedited jury trials.*

**8**  **Who can take part in a voluntary expedited jury trial?**

The process can be used in any civil case that the parties agree may be tried in one or two days. To have a voluntary expedited jury trial, both sides must want one. Each side must agree to all the rules described in **1**, and to waive most appeal rights. The agreements between the parties must be put into writing in a

document called *[Proposed] Consent Order for Voluntary Expedited Jury Trial*, which will be submitted to the court for approval. (Form EJT-020 may be used for this.) The court must issue the consent order as proposed by the parties unless the court finds good cause why the action should not proceed through the expedited jury trial process.

**9**  **Why do I give up most of my rights to an appeal in a voluntary expedited jury trial?**

To keep costs down and provide a faster end to the case, all parties who agree to take part in a voluntary expedited jury trial must agree to waive the right to appeal the jury verdict or decisions by the judicial officer concerning the trial unless one of the following happens:

o  Misconduct of the judicial officer that materially affected substantial rights of a party;

o  Misconduct of the jury; or

o  Corruption or fraud or some other bad act that prevented a fair trial.

In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds. Neither you nor the other side will be able to ask for a new trial on the grounds that the jury verdict was too high or too low, that legal mistakes were made before or during the trial, or that new evidence was found later.

**10**  **Can I change my mind after agreeing to a voluntary expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in a voluntary expedited jury trial, that agreement is binding on both sides. It can be changed only if both sides want to change it or stop the process or if a court decides there are good reasons the voluntary expedited jury trial should not be used in the case. This is why it is important to talk to your attorney before agreeing to a voluntary expedited jury trial. This information sheet does not cover everything you may need to know about voluntary expedited jury trials. It only gives you an overview of the process and how it may affect your rights. You should discuss all the points covered here and any questions you have about expedited jury trials with an attorney before agreeing to a voluntary expedited jury trial.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br> DEPARTMENT 610 |
|---|---|

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  03/15            STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

TELEPHONE NO.:             FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

   STREET ADDRESS:

   MAILING ADDRESS:

   CITY AND ZIP CODE:

   BRANCH NAME:

  PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|

*(Check one):* ☐ **UNLIMITED CASE**    ☐ **LIMITED CASE**
            (Amount demanded      (Amount demanded is $25,000
            exceeds $25,000)       or less)

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:             Time:         Dept.:       Div.:       Room:

Address of court *(if different from the address above):*

  ☐ **Notice of Intent to Appear by Telephone, by** *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*

       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

       (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☐ complaint    ☐ cross-complaint    *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

<div align="right">CM-110</div>

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request    ☐  a jury trial  ☐  a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐   by the attorney or party listed in the caption   ☐   by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                 f.   Fax number:
e.   E-mail address:                                      g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐  has  ☐  has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

## What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

## Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

## Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

## How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

## How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

1) **At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set:** Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment:** A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

--------------------------------------------------------------------------------

### Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____ **v.** _____

_____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| | | |
|---|---|---|
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT–010–INFO, New January 1, 2011*

...e Early Settlement Program:

...arly Settlement provides:

Learn more about the Early Settlement Program–scan the QRCode or visit www.sfbar.org/adr/esp

Do you have a case filed in San Francisco Superior Court and want to settle sooner than your trial date?

Consider The Bar Association of San Francisco's

# Early Settlement Program

## at is ESP?

e Bar Association of San Francisco's **rly Settlement Program** (ESP) available as one of San Francisco perior Court's Alternative Dispute solution (ADR) programs (Local Rule 3).

P is a **highly successful** ADR ogram that handles cases in areas law such as business, personal ury, employment, labor, civil rights, scrimination, insurance, malpractice, ndlord/tenant, and many others.

3P is **unique** in that the panelists, helping you move toward settlement, in provide you confidential feedback out their evaluation of your case, cluding opinions as to potential se value.

or more information as well as the omplete Policies & Procedures, go to: **www.sfbar.org/esp**



## Who are the Panelists?

## Costs

## Contact

## Steps:

The forms you need can be found at **www.sfbar.org/esp**, or email adr@sfbar.org or call 415-782-8905 for a packet to be sent to you.

❶ Please complete the ESP Agreement and return it to BASF via email at adr@sfbar.org or by fax to 415-989-0381. You don't have to get the other parties to sign, just send yours.

❷ When all parties have signed the ESP Agreement, you will be sent the Notice of ESP, along with an invoice.

❸ There is a $295 administrative fee per party, with a cap of $590 for multiple parties represented by the same attorney. You can pay by check, money order or credit card.

❹ Send your administrative fee by fax, email or mail to: BASF / ESP, 301 Battery Street, Third Floor, San Francisco, California 94111.

❺ When BASF receives the fees from all parties, your matter will be assigned to a panelist (or panel of 2), who you will work with to set the date, time and location for your conference.

❻ If you must reschedule your ESP conference date, work with the other side and your panelist(s) to set the new date. BASF does not need to be notified.

❼ Before your conference, provide a copy of your description of the dispute to all parties and panelists. BASF does not need a copy.

❽ If the matter is settled in your ESP conference, congratulations!

❾ If the matter is not settled in your ESP conference, your initial court date remains the same.

**Experienced mediators are available in the following areas**

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Family-Certified Specialists
Fee Disputes
Financial
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
LGBT Issues
Malpractice: Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
And more...

# TESTIMONIALS

"This was the third attempt to mediate this case, and the BASF mediator was far and away the best mediator. I dare say that we would not have settled today but for his efforts."

*George Yuhas, Esq.*
*Orrick, Herrington & Sutcliffe LLP*

"We had an excellent experience and, after 8 1/2 hours of mediation, [the BASF mediator] settled a very difficult case involving claims against four clients of ours by a wealthy investor who claimed inadequate disclosure was made."

*Robert Charles Friese, Esq.*
*Shartsis Friese LLP*

"When the other side made their offer, I thought there was no way we would reach an agreement – we were too far apart, but the mediator brought us together. He saved me a lot of time and aggravation by facilitating a settlement. Thanks!"

*Leslie Caplan*
*Global Warming Campaign Manager*
*Bluewater Network*

"BASF staff was very helpful – stayed on the task and kept after a hard to reach party. The mediator was great!"

*Mark Abelson, Esq.*
*Campagnoli, Abelson & Campagnoli*

"The [BASF] mediator was excellent! He was effective with some strong, forceful personalities."

*Denise A. Leadbetter, Esq.*
*Zacks, Utrecht & Leadbetter*



FOR OUTSTANDING ADR SERVICES
Voted into the Hall of Fame In The Recorder's 'Best of' Poll
5 YEARS IN A ROW
2010 – 2014

# MEDIATION SERVICES



PROCEDURES, PODCASTS, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS:
**www.sfbar.org/mediation**

adr@sfbar.org or
**415-982-1600**



THE BAR ASSOCIATION OF
SAN FRANCISCO

# QUALITY          EXPERIENCE          TRUST

## WHAT IS BASF'S MEDIATION SERVICE?

The Bar Association of San Francisco's Mediation Services is a private mediation service which will assist you with almost any type of dispute, from simple contract disputes to complex commercial matters.

## WHO ARE THE MEDIATORS?

They are established mediators who have private mediation practices and have met our extensive experience requirements. By going through BASF you receive the services of these highly qualified mediators at a great value.

## HOW DO I LEARN MORE ABOUT THE MEDIATORS?

BASF's website at www.sfbar.org/mediation provides bios, photos and hourly rates of mediators. You can search by name or by area of law needed for your case. BASF staff is always available to assist you with selection or to answer questions.

## HOW MUCH DOES THE SERVICE COST?

A $295 per party administrative fee is paid to BASF at the time the Consent to Mediate form is filed. This fee covers the first hour of mediator preparation time and the first two hours of session time. Time beyond that is paid at the mediator's normal hourly rate.

## HOW IS THE MEDIATOR CHOSEN?

You may request a specific mediator from our website (www.sfbar.org/mediation) and indicate your choice on the BASF Consent to Mediate form, or you may indicate on the form that you would like BASF staff to assist with the selection.

## WHY SHOULD I GO THROUGH BASF? CAN'T I JUST CALL THE MEDIATOR DIRECTLY?

BASF mediators have agreed to provide three free hours as a service to BASF. If you go directly to one of our mediators, you do not qualify for the free hours unless you notify us. Once you have filed with us, you will talk directly to the mediator to ask questions and to set a convenient mediation date and time.

## HOW LONG IS THE MEDIATION SESSION?

The time spent in mediation will vary depending on your dispute. BASF mediators are dedicated to reaching a settlement, whether you need a few hours or several days.

## WHO CAN USE THE SERVICE?

BASF mediation can be utilized by anyone and is NOT limited to San Francisco residents or issues. Also, the service may be used before a court action is filed or at any time during a court action.

## OUR CASE IS FILED IN COURT. HOW DO WE USE BASF'S MEDIATION SERVICES?

When you file the San Francisco Superior Court's Stipulation to ADR form, check the box indicating "Mediation Services of BASF." Then complete BASF's Consent to Mediate form found on our website and file it with us. (If the matter was filed in a different county, please check with that court for the appropriate process.)

## WE ARE ON A DEADLINE; HOW QUICKLY CAN WE MEDIATE?

Once all parties have filed all the paperwork, BASF can normally have you in touch with the mediator within a day or two. If there is a deadline, BASF staff will give the matter top priority.

## WHAT TYPES OF DISPUTES CAN I MEDIATE?

BASF mediators are trained in 30+ areas of law. If you don't see the area you need on our website or in this brochure, contact us; it is very likely we can match your need with one of our panelists.

## MORE INFORMATION

Visit our website (www.sfbar.org/mediation) where you can search by name or by area of law. For personal assistance, please call 415-982-1600.

# EXHIBIT C

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Shannon Liss-Riordan, 310719
Lichten & Liss-Riordan
729 Boylston Street, Suite 2000
Boston, MA 02116
TELEPHONE NO.: (617)994-5800
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, San Francisco County
400 McAllister Street
San Francisco, CA 94102

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**05/14/2018**
**Clerk of the Court**
BY:YOLANDA TABO-RAMII
Deputy Clerk

PLAINTIFF/PETITIONER: Dora Lee

DEFENDANT/RESPONDENT: Postmates, Inc.

CASE NUMBER:
CGC-18-566394

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: Postmates 2.0 |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.

2. I served copies of: Complaint, Summons, Civil Case Cover Sheet, Notice to Plaintiff, Alternative Dispute Resolution Information Package, Stipulation to Alternative Dispute Resolution, Expedited Jury Trial Information Sheet, Judicial Mediation Program, Case Management Statement, Early Settlement Program

3. a. Party served: Postmates, Inc.

   b. Person Served: Gabriella Sanchez/CT Corporation System - Person Authorized to Accept Service of Process

4. Address where the party was served: 818 West Seventh Street, Suite 930
   Los Angeles, CA 90017

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 05/11/2018    (2) at   (time): 3:00PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   Postmates, Inc.
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:         Jimmy Lizama
   b. Address:      One Legal - 194-Marin
                    504 Redwood Blvd #223
                    Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 4553
         (iii) County:  Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  05/11/2018

Jimmy Lizama
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 11966064