SHANNON LISS-RIORDAN (SBN 310719)
(sliss@llrlaw.com)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:      (617) 994-5801

*Attorney for Plaintiffs Dora Lee, Kellyn Timmerman, and Joshua Albert, on behalf of themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DORA LEE, KELLYN TIMMERMAN, and JOSHUA ALBERT on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POSTMATES INC.,<br><br>Defendant. | Case No. 3:18-cv-03421-JCS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. FAILURE TO REIMBURSE FOR BUSINESS EXPENSES (CAL. LAB. CODE § 2802)<br>2. MINIMUM WAGE (CAL. LABOR CODE §§ 1194, 1197)<br>3. WILLFUL MISCLASSIFICATION (CAL. LABOR CODE § 226.8)<br>4. UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§17200-17208)<br>5. UNPAID WAGES (CAL. LABOR CODE § 204)<br>6. BREACH OF CONTRACT |

## I. INTRODUCTION

1.  This case is brought on behalf of individuals who have worked as Postmates couriers in California since June 2, 2017. Postmates Inc. ("Postmates") provides on-demand delivery of food and other merchandise to customers at their homes and businesses through its mobile phone application and website. Postmates is based in San Francisco, California, but it does business across the United States and extensively throughout California.

2.  As described further below, Postmates has willfully misclassified its couriers including Plaintiffs Dora Lee, Kellyn Timmerman, and Joshua Albert in violation of Cal. Labor Code § 226.8. Additionally, because of couriers' misclassification as independent contractors, Postmates has unlawfully required couriers to pay business expenses (such as for their gas, vehicle maintenance, and phone/data expenses) in violation of Cal. Lab. Code § 2802 and has also failed to pay required minimum wage for all hours worked in violation of Cal. Lab. Code §§ 1197 and 1194. Additionally, Postmates has breached its contractual obligation to compensate couriers for the time they spend waiting for delivery goods to be ready, which also constitutes a failure to pay earned wages in violation of Cal. Lab. Code § 204.

## II. PARTIES

3.  Plaintiff Dora Lee is an adult resident of Huntington Beach, California, where she has worked as a courier for Postmates.[1]

4.  Plaintiff Kellyn Timmerman is an adult resident of San Diego, California, where she has worked as a courier for Postmates.

5.  Plaintiff Joshua Albert is an adult resident of Los Angeles, California, where he has worked as a courier for Postmates.

---

[1]  On October 15, 2018, the Court compelled Ms. Lee's claims to arbitration and stayed the case with respect to her claims. Dkt. 31.

6.   Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have worked as couriers for Postmates throughout California since June 2, 2017.

7.   Defendant Postmates, Inc. ("Postmates") is a Delaware corporation, headquartered in San Francisco, California.

### III.   JURISDICTION

8.   This Court has jurisdiction over Plaintiffs' claims pursuant to California Code of Civil Procedure § 410.10.  The monetary relief which Plaintiffs seek is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

9.   Venue is proper in this Court pursuant to Code of Civ. P. §§ 395 and 395.5 because Postmates is headquartered in San Francisco County.  Furthermore, Defendant engages in business activities in and throughout the State of California, including San Francisco County.

### IV.   STATEMENT OF FACTS

10.   Postmates is a San Francisco-based delivery service, which engages couriers across the state of California to deliver food and other merchandise to its customers at their homes and businesses.

11.   Some of the food and merchandise that couriers deliver to customers originates across state lines.

12.   Postmates offers customers the ability to order food and other items via a mobile phone application or via its website, which Postmates couriers then deliver to customers.

13.   Postmates holds itself out to the public as a delivery service.  Its website homepage advertises that it offers customers "Anything, anywhere, anytime."  Postmates' website also promotes its "Postmates Unlimited" service where customers can subscribe and receive unlimited free deliveries, touting "Pay once, free delivery all year."  Its website also

boasts that "Postmates is transforming the way goods move around cities by enabling anyone to have anything delivered on-demand."

14. Plaintiffs Dora Lee, Kellyn Timmerman, and Joshua Albert have driven for Postmates at various times, including over the last year, and continue to drive for Postmates.

15. Postmates classifies its couriers like Ms. Lee, Ms. Timmerman, and Mr. Albert as "independent contractors," but under California law, they should be classified as employees.

16. Postmates perform services within Postmates' usual course of business as a delivery service. The couriers' services are fully integrated into Postmates' business. Without couriers to perform deliveries, Postmates would not exist.

17. Postmates couriers are not typically engaged in their own delivery business. When delivering items for Postmates customers, they wear the "hat" of Postmates.

18. In addition, Postmates maintains the right of control over the couriers' performance of their jobs and exercises detailed control over them.

19. Postmates unilaterally sets the pay scheme and rate of pay for couriers' services and changes the rate of pay in its sole discretion.

20. Postmates communicates directly with customers and follows up with couriers if the customer complains that something was not delivered or that the delivery otherwise failed to meet their expectations. Based on any customer feedback, Postmates may suspend or terminate couriers.

21. Postmates does not reimburse couriers for any expenses they may incur while working for Postmates, including, but not limited to the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Postmates Application. Couriers incurred these costs as a necessary expenditure to obtain employment with Postmates, which California law requires employers to reimburse.

22. Postmates pays couriers a fee per delivery plus a certain amount of "boost pay." Postmates has failed to ensure that its couriers receive the applicable state minimum wage for all hours worked, and couriers frequently do not average minimum wage for all hours worked, particularly given that customers' tips cannot count toward Postmates' minimum wage obligations.

23. On April 30, 2018, the California Supreme Court issued its decision in <u>Dynamex Operations W., Inc. v. Superior Court</u>, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that Postmates couriers should be classified as employees rather than as independent contractors under California law for purposes of wage-and-hour statutes like the ones at issue here. Notwithstanding this decision, Postmates has willfully continued to misclassify its couriers as independent contractors.

24. Postmates' contract with couriers provides that Postmates pays couriers "per completed Delivery in the amount listed in the payment schedule for the relevant type of delivery and/or relevant market." The payment schedule for each market specifies a rate of cents per minute that couriers are to be paid while waiting at the delivery pickup, known as "wait time", which is typically between 7 and 12 cents per minute. However, Postmates has failed to ensure that couriers are paid the correct amount for their wait time and has shortchanged couriers by underreporting the amount of time that couriers spend waiting for a delivery. Thus, Postmates has failed to pay couriers the monies they are owed under the contract, which constitutes a breach of contract and a failure to pay all earned wages.

## V. CLASS ALLEGATIONS

25. Plaintiffs Dora Lee, Kellyn Timmerman, and Joshua Albert bring this case as a class action pursuant to California Code of Civil Procedure § 382 on behalf of all Postmates couriers who have worked for Postmates in California since June 2, 2017.

26. Plaintiffs and other class members have uniformly been deprived reimbursement

of their necessary business expenditures.

27. The members of the class are so numerous that joinder of all class members is impracticable.

28. Common questions of law and fact regarding Postmates' conduct in classifying couriers as independent contractors, failing to reimburse them for business expenditures, and failing to ensure they are paid at least minimum wage for all weeks, exist as to all members of the class and predominate over any questions affecting solely any individual members of the class. Among the questions of law and fact common to the class are:

    a. Whether class members are typically engaged in their own delivery businesses or whether they wear the "hat" of Postmates when performing delivery services;

    b. Whether the work performed by class members—providing courier service to customers—is within Postmates' usual course of business, and whether such service is fully integrated into Postmates' business;

    c. Whether class members have been required to follow uniform procedures and policies regarding their work for Postmates;

    d. Whether these class members have been required to bear the expenses of their employment, such as expenses for maintaining their vehicles and expenses for gas, insurance, phone and data plan;

    e. Whether these class members have been underpaid for their "wait time" in violation of their contract with Postmates.

29. Named Plaintiffs Dora Lee, Kellyn Timmerman, and Joshua Albert are class members who suffered damages as a result of Defendant's conduct and actions alleged herein.

30. The named plaintiffs' claims are typical of the claims of the class, and the named plaintiffs have the same interests as the other members of the class.

6
FIRST AMENDED CLASS ACTION COMPLAINT

31. The named plaintiffs will fairly and adequately represent and protect the interests of the class. The named plaintiffs have retained able counsel experienced in class action litigation. The interests of the named plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

32. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

### COUNT I
### Expense Reimbursement
### Violation of Cal. Lab. Code § 2802

34. Defendant's conduct, as set forth above, in misclassifying Postmates couriers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code Section 2802. This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

## COUNT II
**Willful Misclassification**
**Violation of Cal. Lab. Code § 226.8**

35. Defendant's conduct, as set forth above, in continuing to classify couriers as independent contractors notwithstanding the California Supreme Court's decision in <u>Dynamex Operations W., Inc. v. Superior Court</u>, No. S222732, 2018 WL 1999120 (Cal. Apr. 30, 2018), which makes clear that couriers are employees under California law, violates Cal. Lab. Code § 226.8 and constitutes willful misclassification. This claim is brought on behalf of a class of similarly situated individuals who have worked for Postmates in California.

## COUNT III
**Minimum Wage**
**Violation of Cal. Lab. Code §§ 1197 and 1194**

36. Defendant's conduct, as set forth above, in failing to pay its employees minimum wage for all hours worked as required by California law, violates Cal. Lab. Code §§ 1197 and 1194. This claim is brought on behalf of a class of similarly situated individuals who worked for Postmates in California.

## COUNT IV
**Unfair Business Practices**
**Violation of Cal. Bus. & Prof. Code §17200,** *et seq***.**

36. Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"). Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code §§ 2802, 1194, 1197, and 226.8. As a result of Defendant's unlawful conduct, Plaintiffs and class members suffered injury in fact and lost money and property, including, but not limited to business expenses that couriers were required to pay and wages that couriers were due. Pursuant to California Business and Professions Code § 17203, Plaintiffs and class members seek

declaratory and injunctive relief for Defendant's unlawful conduct and to recover restitution. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiffs and class members who worked for Postmates are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

**COUNT V**
**Unpaid Wages**
**Violation of Cal. Lab. Code § 204**

37. Defendant's conduct, as set forth above, in failing to pay its employees for the entirety of their wait time, violates Cal. Labor Code § 204, which requires that employees receive all wages earned on regular paydays. This claim is brought on behalf of a class of similarly situated individuals who worked for Postmates in California.

**COUNT VI**
**Breach of Contract**

38. Defendant's conduct, as set forth above, constitutes breach of contract under state common law. Defendant has a contract with couriers to properly calculate and remit to them payment for their "wait time" at the rate specified for their market; however, Postmates has underpaid couriers for their wait time in violation of the contract. This claim is brought on behalf of a class of similarly situated individuals who worked for Postmates in California.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

a. Declare and find that the Defendant violated the UCL and Cal. Lab. Code §§ 2802, 1194, 1197, 226.8, and 204;

b. Declare and find that the Defendant violated its contract with its couriers as described above;

c. Certify a class action under Count I through V and appoint Plaintiffs Dora Lee, Kellyn Timmerman, and Joshua Albert and their counsel to represent a class of Postmates couriers who have worked in California;

d. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

e. Award pre- and post-judgment interest;

f. Award reasonable attorneys' fees, costs, and expenses;

g. Issue a public injunction in the form of an order requiring Defendant to comply with the California Labor Code; and

h. Any other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

DORA LEE, KELLYN TIMMERMAN, and JOSHUA ALBERT on behalf of themselves and all others similarly situated,

By their attorneys,

 /s/ Shannon Liss-Riordan
Shannon Liss-Riordan, SBN 310719
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  sliss@llrlaw.com

Dated:          October 22, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served by electronic filing on October 22, 2018, 2018, on all counsel of record.

/s/ Shannon Liss-Riordan
Shannon Liss-Riordan