LICHTEN & LISS-RIORDAN, P.C.
SHANNON LISS-RIORDAN, SBN 310719
sliss@llrlaw.com
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Attorneys for Plaintiff Dora Lee, Kellyn
Timmerman, and Joshua Albert,
on behalf of themselves and all others
similarly situated.

GIBSON, DUNN & CRUTCHER LLP
THEANE EVANGELIS, SBN 243570
  tevangelis@gibsondunn.com
DHANANJAY S. MANTHRIPRAGADA,
SBN 254433
  dmanthripragada@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:     213.229.7000
Facsimile:     213.229.7520

MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:     949.451.3800
Facsimile:     949.475.4668

Attorneys for Defendant Postmates Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA LEE, KELLYN TIMMERMAN, and JOSHUA ALBERT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>POSTMATES INC.,<br><br>Defendant. | CASE NO. 3:18-cv-03421-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Action Filed:  May 8, 2018<br>Trial Date:  None Set<br><br>Date:        December 14, 2018<br>Time:        9:30 a.m.<br>Place:       Courtroom G<br>Judge:       Hon. Joseph C. Spero |

Plaintiffs Dora Lee, Kellyn Timmerman, and Joshua Albert ("Plaintiffs") and Defendant

Postmates Inc. ("Defendant" or "Postmates"), by and through their respective counsel of record,

hereby submit this Joint Case Management Statement, pursuant to the Standing Order for All Judges

of the Northern District of California and Civil Local Rule 16-9, in advance of the Further Case

Management Conference scheduled in this matter for December 14, 2018, at 9:30 a.m.  The parties

do not repeat here the entire contents of the initial Case Management Statement, Dkt. 28, which was

filed in advance of the initial Case Management Conference in this case, held on October 12, 2018.

Rather, the Statement below provides the parties' positions with respect to further proceedings in this case, including those issues that the Court ordered the parties to address in its Minute Order (Dkt. 29)—i.e., "whether a separate judgment can be entered on the claims of Plaintiff(s), scope of class, and a proposed briefing schedule for class certification"—in addition to other issues on which the parties' positions have changed since the October 12, 2018, conference.

**1.      MOTIONS AND DISCOVERY**

Postmates' Motion to (1) Compel Arbitration of Kellyn Timmerman's Claims and (2) Dismiss Joshua Albert's Claims, Dkt. 36, is currently pending and has been fully briefed by the parties.

**2.      PARTIES' STATEMENTS REGARDING FURTHER PROCEEDINGS AND POSITIONS ON COURT-ORDERED ISSUES FOR CASE MANAGEMENT STATEMENT (DKT. 29)**

**A.      Plaintiffs' Statement**

Should the Court deny Postmates' motion to compel arbitration for Timmerman based on agreeing now with Plaintiffs' argument regarding the transportation worker exemption (which was supplemented in their current Opposition in response to concerns raised by the Court with respect to Lee), Plaintiffs would seek the class as originally alleged, because the arbitration agreement would thus not be enforceable for any class members.  In that event, if the transportation worker exemption to the FAA applies to the drivers, then no class members would be bound by an arbitration clause, and O'Connor v. Uber Technologies, Inc., 904 F.3d 1087, 1094 (9th Cir. 2018), would not be applicable.  Thus, should the Court deny Postmates' motion to compel arbitration for Timmerman based upon the transportation worker exemption, Plaintiffs propose the following schedule:

Class discovery ends:  January 31, 2019
Plaintiffs' motion for class certification due:  February 13, 2019
Defendant's opposition due:  March 6, 2019
Plaintiffs' reply due:  March 20, 2019
Hearing:  April 2019

Should the Court grant Postmates' request to compel arbitration for Kellyn Timmerman, then Joshua Albert (who opted out of the arbitration clause) would not move for class certification at this time.  However, Plaintiffs would request that the Court dismiss the claims of Lee and Timmerman to allow them to appeal.  See Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 87 n.2 (2000)

1  (noting that where a court grants a motion to compel arbitration and then dismisses the action rather

2  than staying it, that order is immediately appealable).  When a district court compels arbitration, the

3  Ninth Circuit has held that it "may *either* stay the action or dismiss it outright…"  <u>Johnmohammadi</u>

4  <u>v. Bloomingdale's, Inc.</u>, 755 F.3d 1072, 1074 (9th Cir. 2014) (emphasis added).[1] [2]

5        Should the Court deny Postmates' motion to dismiss Joshua Albert's claims, Plaintiffs intend

6  to move to amend the complaint to add a claim under the Private Attorney General Act of 2004 Cal.

7  Lab. Code § 2698, *et seq.* ("PAGA").  Postmates argues below that Albert should not be permitted to

8  add a PAGA claim to this case, since several PAGA cases against Postmates are already pending in

9  California state court.  However, in those cases, Postmates has moved to compel arbitration and is

10  seeking to stay those cases pending its appeal of any orders denying its motion to compel arbitration.

11  In those cases, Postmates is arguing that the California Supreme Court's decision in <u>Iskanian v. CLS</u>

12  <u>Transportation Los Angeles, LLC</u>, 59 Cal. 4th 348 (2014), was overruled by the U.S. Supreme

13  Court's decision in <u>Epic Systems Corp. v. Lewis</u>, 138 S.Ct. 1612 (2018).  Although this creative

14  argument has been rejected by every court to consider it so far, Postmates seems intent on bringing

15  the issue to the appellate courts.  Thus, all the prior-filed PAGA cases either have been stayed or are

16  in the process of being stayed.  However, Joshua Albert, who opted out of arbitration, cannot be

17  required to await those appeals before proceeding with his PAGA claim.  Moreover, there is no rule

18  that only one PAGA case can proceed at a time, or that later-filed PAGA claims must be stayed

19  pending earlier-filed PAGA claims.  Two other judges in this courthouse have rejected the argument

20  Postmates raises that only PAGA claim may proceed at a time.  See <u>Tan v. GrubHub, Inc.</u>, 171

---

[1]    See also <u>Brennan v. Opus Bank</u>, 796 F.3d 1125 (9th Cir. 2015) (affirming appealability of order dismissing case in favor of arbitration); <u>Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.</u>, 249 F.3d 1177, 1179 (9th Cir. 2001) (same); <u>Levin v. Caviar,</u> Civ. A. No. 3:15-cv-01285 (N.D. Cal. May 2, 2016) (Dkt. 53) (granting motion to compel arbitration and then dismissing case rather than staying it, so that Plaintiff could appeal); <u>Tompkins v. 23andMe, Inc.</u>, 2014 WL 2903752, *18 (N.D. Cal. June 25, 2014), <u>aff'd</u>, 840 F.3d 1016 (9th Cir. 2016); <u>Loewen v. Lyft, Inc.</u>, 129 F. Supp. 3d 945, 966 (N.D. Cal. 2015); <u>Cayenne Med., Inc. v. MedShape, Inc.</u>, 2015 WL 5363717, *4 (D. Ariz. Sept. 15, 2015).

[2]    If the Court's order compelling arbitration were to be reversed on appeal, Plaintiffs may later move for class certification for Timmerman and Lee, if warranted.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 3:18-CV-03421-JCS

1  F.Supp.3d 998 (N.D. Cal. 2016) (holding that two PAGA representatives can pursue the same PAGA

2  claims at the same time so long as there is only a single judgment); O'Connor v. Uber Technologies,

3  Inc. No. 13-cv-03826-EMC (N.D. Cal. Feb. 2, 2016) at *2 (holding "the PAGA statute does not

4  require the stay or dismissal of duplicative PAGA claims.")

5      Plaintiffs also intend to move for summary judgment on the issue of Postmates' liability as an

6  employer in light of the California Supreme Court's decision in Dynamex Operations W. v. Superior

7  Court, 4 Cal.5th 903, 954 (2018), reh'g denied (June 20, 2018).  Because Plaintiffs believe this issue

8  can be decided under Prong B of the "ABC" test announced in Dynamex, which will raise a legal

9  issue for the Court, rather than a factual issue (i.e. is Postmates a delivery company, or can it deny

10 that it is a delivery company by characterizing itself as a "technology platform"?), Plaintiffs do not

11 believe discovery is necessary before this threshold issue can be decided.  Courts in Massachusetts,

12 applying the ABC test that Dynamex adopted, have routinely decided whether a worker is an

13 employee under Prong B as a matter of law on summary judgment.[3]  The first court to apply

14 Dynamex in California has likewise addressed this issue on summary judgment, making the legal

15 determination that a strip club was in the adult entertainment business (and thus exotic dancers are its

16 employees), despite its attempt to dodge the obvious conclusion that it is in the adult entertainment

17 business.  See Johnson v. VCG-IS, LLC, Case No. 30-2015-00802813 (Super. Ct. Cal. Aug, 31,

18 2018), Ntc of Ruling on Motion for Summ. J.  The only issue under Prong B is what kind of business

19 Postmates is, which Plaintiffs do not believe will really be a disputed factual question (but instead is a

20 legal question).  In any event, it would not be necessary for Postmates to take any discovery from

21

22 _____

23 [3]  See, e.g., Carey v. Gatehouse Media Massachusetts I, Inc., 92 Mass. App. Ct. 801 (2018)
   (affirming trial court's grant of summary judgment to plaintiff newspaper delivery drivers on
24 liability for misclassification under Prong B of Massachusetts ABC test, focusing on the issues of
   how the company holds itself out and whether it can avoid Prong B by creative labeling of its
25 usual course of business); Awuah v. Coverall North America, 707 F. Supp. 2d 80 (D. Mass. 2010)
   (granting summary judgment to cleaning "franchisees" on misclassification claims under Prong B
26 of Massachusetts "ABC" test, based on legal decision that defendant is a cleaning company,
   despite its effort to characterize itself as a "franchise" company) (cited in Dynamex, 4 Cal.5th at
27 963); Oliveira v. Advanced Delivery Sys., Inc., 2010 WL 4071360 (Mass. Super. Jul. 16, 2010)
   (granting delivery drivers' motion for summary judgment on liability, finding them to be
28 employees of delivery company under Massachusetts "ABC" test as a matter of law).

Plaintiff in order to respond to the motion, since it clearly has all the information it would need in order to make its case that it is not really a delivery service.

Postmates argues below that <u>Dynamex</u> does not apply to all of Plaintiffs' claims in this case, including their claim for expense reimbursement.  However, Plaintiffs disagree – and this issue is again a legal issue that the Court could address on Plaintiffs' summary judgment motion.  Claims for expense reimbursement are encompassed in the Wage Orders, and thus <u>Dynamex</u> applies to those claims.  Here, the relevant wage order itself requires that an employer provide its employees with any "tools or equipment" that "are necessary to the performance of a job" (with certain exceptions not applicable here).  <u>See</u> Wage Order No. 9-2001, ¶ 9(B).  In <u>Johnson v. VCG-IS, LLC</u>, Case No. 30-2015-00802813 (Super. Ct. Cal. July 18, 2018), the court found that claims such as for expense reimbursement under § 2802 are "rooted in the wage orders," and thus the <u>Dynamex</u> ABC test applies.[4]

Thus, Plaintiffs propose the following schedule for Joshua Albert to bring a summary judgment motion on employee status (should the Court compel arbitration of Kellyn Timmerman's claims and thus Plaintiffs do not move next for class certification):

> Plaintiffs' motion for summary judgment due:  February 13, 2019
> Defendant's opposition due:  March 6, 2019
> Plaintiffs' reply due:  March 20, 2019
> Hearing:  April 2019

Postmates argues below that Plaintiffs could not move for summary judgment before class certification because of the one-way intervention rule.  However, this argument should not prevent Plaintiff Albert from filing his summary judgment motion now if he so chooses.  If the Court's arbitration ruling is later reversed and it is determined that Postmates couriers are exempt from

---

[4]   The court in <u>Garcia v. Border Transp. Grp., LLC</u>, 239 Cal. Rptr. 3d 360 (Ct. App. 2018), cited by Postmates *infra*, did not have occasion to consider whether a § 2802 claim is encompassed by the Wage Orders (and therefore whether Dynamex's ABC test should apply to it); instead, the court considered other claims such as claims for wrongful termination and waiting time penalties. Garcia, 239 Cal. Rptr. 3d at 371. Any suggestion in that decision that expense reimbursement claims are not encompassed by the wage orders was solely in *dicta*.

1   arbitration, the Court may confront later the question of whether Plaintiffs Lee and Timmerman could

2   move for class certification at that time.  The Court need not address it now.[5]

3       **B.      Defendant's Position**

4           **i.      Whether Separate Judgments Can Be Entered on Plaintiff's Claims**

5           Defendant objects to separate judgments being entered on Plaintiffs' claims.  Plaintiffs

6   suggest that the Court may permit them to appeal an order compelling arbitration of Kellyn

7   Timmerman's and Dora Lee's claims, but the FAA expressly provides that "an appeal may not be

8   taken from an interlocutory order . . . directing arbitration to proceed."  9 U.S.C. § 16(b)(2).  The

9   FAA is also explicit that where a party has requested a stay pending arbitration, courts have no

10  discretion whether to stay or dismiss the case:  courts "*shall* . . . stay the trial of the action until such

11  arbitration has been had."  9 U.S.C. § 3 (emphasis added).  Granting Plaintiffs' request for dismissal

12  would permit Plaintiffs to do an end-run around these provisions of the FAA and further delay the

13  individual arbitration of their claims.  *Lloyd v. Hovensa, LLC*, 369 F.3d 263, 268-69 (3d Cir. 2004)

14  (where a party has requested a stay, dismissal is inappropriate because it would "confer a right to an

15  immediate appeal that would not otherwise exist"); *see AT&T Mobility LLC v. Concepcion*, 563 U.S.

16  333, 346 (2011) (courts may not interfere with the FAA's objective of promoting "'streamlined

17  proceedings and expeditious results'" (quoting *Preston v. Ferrer*, 552 U.S. 346, 357 (2008)));

18  *Magana v. DoorDash, Inc.*, 2018 WL 5291988, at *8 (N.D. Cal. Oct. 22, 2018) (refusing to dismiss

19  case after granting motion to compel arbitration because "[t]he court sees no reason to depart from

20  the FAA's plain language").

21          Further, dismissal is inappropriate where, as here, the parties have agreed to delegate

22  arbitrability questions to the arbitrator.  *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769-70 (8th

23  Cir. 2011); ); *Ortiz v. Volt Mgmt. Corp.*, 2017 WL 2404977, at *3 (N.D. Cal. June 2, 2017); *Capelli*

---

[5]  Plaintiffs could later argue that an initial ruling on the misclassification question is not a final decision on their ability to recover on particular claims and thus the one-way intervention rule would not bar certification of a class.  But, again, the Court need not address now the hypothetical question of whether other Plaintiffs could later move to certify a class if one Plaintiff (who is admittedly not bound by arbitration) now moves for summary judgment on the preliminary, threshold issue of whether he was misclassified as an independent contractor.

1    *Enters., Inc. v. Fantastic Sams Salons Corp.*, 2017 WL 130284, at *5 (N.D. Cal. Jan. 13, 2017); *Lee*

2    *v. Goldline Int'l, Inc.*, 2011 WL 1739989, at *2 n.1 (C.D. Cal. Apr. 27, 2011).  Where the parties

3    have delegated arbitrability questions to the arbitrator, a stay—not dismissal—is the appropriate

4    action because civil proceedings will continue if the arbitrator determines that not all of the claims

5    are arbitrable.  Thus, while Court should reject any request from Plaintiffs for an interlocutory appeal

6    from an order compelling arbitration, at a minimum, the case should be stayed pending the

7    arbitrator's decision on arbitrability.

8          **ii.**    **Scope of the Class**

9         As currently defined, the proposed class, which purports to include "all other individuals who

10    have worked as couriers for Postmates throughout California since June 2, 2017" (Dkt. 35 ¶ 6),

11    violates clearly established Ninth Circuit precedent that prohibits certification of a class that includes

12    class members who failed to opt out of arbitration.  *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087,

13    1094 (9th Cir. 2018).  As in *O'Connor*, putative class members who failed to opt out of arbitration

14    agreed to waive their rights to assert a class or representative action and to delegate all disputes

15    relating to the enforceability of the arbitration agreement to an arbitrator.  Dkt. 36-1 Exs. C, D.

16    Under *O'Connor*, these putative class members—who represent the vast majority of couriers who

17    completed deliveries using the Postmates platform since June 2, 2017, and include, for example,

18    Plaintiff Lee, whose claims this Court has already compelled to individual arbitration—must be

19    excluded from the proposed class.  *O'Connor*, 904 F.3d 1094-95; *Tan v. Grubhub, Inc.*, 2016 WL

20    4721439, at * (N.D. Cal. July 19, 2016) (proposed class mostly comprised of individuals bound by

21    arbitration could not be certified).  Accordingly, the proposed class as currently defined by Plaintiffs

22    remains uncertifiable under binding Ninth Circuit precedent.

23          **iii.**    **Proposed Class Certification Briefing Schedule**

24         Because the proposed class currently includes members who did not opt out of arbitration,

25    Defendant does not believe that it is appropriate to propose a schedule for class certification briefing

26    at this time.  Moreover, proceeding with class discovery as the class is currently defined is prejudicial

27    to Defendant, as it would require Defendant to conduct discovery into a proposed class containing

28    thousands of couriers whose claims belong in an arbitral forum.  If Plaintiffs continue to pursue a

class containing individuals who are bound by arbitration, Defendant will consider filing a preemptive motion for an order denying class certification at the appropriate time.

Also, Plaintiffs' proposal to set concurrent briefing schedules on class certification and summary judgment would violate the one-way intervention rule.  The one-way intervention rule "require[s] that a class action seeking damages . . . be certified before a determination on the merits." *Hudson v. Chi. Teachers Union, Local No. 1*, 922 F.2d 1306, 1317 (7th Cir. 1991); *see also Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974) ("[A] recurrent source of abuse under the former Rule [23] lay in the potential that members of the claimed class could in some situations await developments . . . on the merits in order to determine whether participation was favorable to their interests."); *Villa v. S.F. Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020 (N.D. Cal. 2015) (holding that motion for partial summary judgment before class certification was improper).  Yet under Plaintiffs' proposed briefing schedule, a determination on the merits would precede class certification procedures.  Rather than permit simultaneous summary judgment and class certification briefing, any summary judgment briefing schedule should follow a determination on Plaintiffs' motion for class certification.   Moreover, Plaintiffs' argument that the one-way intervention rule "would not bar certification of a class" (Section 2(A)) because Albert can file a summary judgment motion now and the Court can "confront later" any class certification motion is nonsensical and misses the point. Whether or not the Court "confront[s]" a class certification motion now or later, Postmates would suffer irreparable prejudice if absent members of a future putative class rely upon the Court's merits determination when deciding whether or not to opt out of the class.  *See Khasin v. Hershey Co.*, 2014 WL 1779805, at *2 (N.D. Cal. May 5, 2014) ("The doctrine is 'one-way' because a plaintiff would not be bound by a decision that favors defendant, but could decide to benefit from a decision favoring the class.").  Plaintiffs' proposal thus does not respect the rules governing class actions.  *See Taylor v. Sturgell*, 553 U.S. 880, 898 (2008) (emphasizing the need for "crisp rules with sharp corners" where the interests and rights of absent parties are at stake (citation omitted)).

Furthermore, contrary to Plaintiffs' assertion, Prong B of the *Dynamex* test does not present a "legal issue for the Court, rather than a factual issue" appropriate for resolution on an early motion for summary judgment.  Prong B asks whether "the worker performs work that is outside the usual

1    course of the hiring entity's business." *Dynamex*, 4 Cal. 5th at 955-56.  The key inquiry is whether a

2    worker is "reasonably viewed as providing services to the business in a role comparable to that of an

3    employee, rather than a role comparable to that of a traditional independent contractor."  *Id.* at 959.

4    While Plaintiffs purport to rely on a minute order in *Johnson*, Case No. 30-2015-00802813 (Super.

5    Ct. Cal. Aug. 31, 2018) to argue that this question must be decided on summary judgment, the

6    *Johnson* order has no precedential effect.  And in any event, Johnson does not stand for the

7    proposition that Prong B is necessarily a question to be decided on summary judgment; rather, the

8    Johnson court granted summary judgment based on the facts and circumstances in that case and only

9    after rejecting defendants' argument that the workers' contracts raised a triable issue of fact as to

10   their classification.  Here, the nature of the couriers' work, their contracts with Postmates, and the

11   Postmates platform raise a number of triable issues of material fact relevant to the Prong B analysis.

12   Indeed, "a purported employer's own definition of its business is indicative of the usual course of

13   business.  Another factor is 'whether the service the individual is performing is necessary to the

14   business of the employing unit or merely incidental.'"  *Sebago v. Boston Cab Dispatch, Inc.*, 471

15   Mass. 321, 333 (2015) (citations omitted).  Plaintiffs do not—and cannot—explain how the issue of

16   "what kind of business Postmates is" "will [not] really be a disputed factual question." (Section

17   2(A).)  The Prong B inquiry thus presents several factual, not legal, questions, relating to the nature

18   of the purported employee's work and the defendant's "usual course of business" necessitating

19   discovery.  Accordingly, other courts have recognized that the "ABC" test often turns on "disputed

20   issues of material fact" that preclude resolution of the classification question on summary judgment.

21   *See, e.g.*, *Chebotnikov v. LimoLink, Inc.*, 2017 WL 2888713, at *8 (D. Mass. July 6, 2017).

22   Moreover, .

23          Even putting *Dynamex* issues aside, the test articulated in *S.G. Borello & Sons, Inc. v.*

24   *Department of Industrial Relations*, 48 Cal. 3d 341 (1989), not *Dynamex*, applies to many of the

25   claims asserted in the First Amended Complaint.  *See Garcia v. Border Transp. Grp., LLC*, 239 Cal.

26   Rptr. 3d 360, 371 & n.12 (Ct. App. 2018) (holding that *Dynamex* does not apply to certain wage

27   order claims, and that the retroactive application of *Dynamex* remains an open question).  Plaintiffs

28   point to the California trial court's *motion in limine* ruling in *Johnson*, Case No. 30-2015-00802813

9

(Super. Ct. Cal. July 18, 2018) in support of their argument that *Dynamex* applies to Plaintiffs'

expense reimbursement claim, but *Johnson* carries no precedential weight.  *Anderson v. S.F. Rent*

*Stabilization & Arb. Bd.*, 192 Cal. App. 3d 1336, 1356 (1987).  Moreover, Plaintiffs' contention that

*Dynamex* applies because "claims for expense reimbursement are encompassed in the Wage Orders,"

fails, because Section 2802 does not adopt the broad definition of "employer" set out in the wage

orders.  *Compare* Cal. Code Regs., tit. 8, § 11090(2)(D), *with* Cal. Lab. Code § 2750.5.  And

generally speaking, where the legislature "has used the term 'employee' without defining it, [courts]

have concluded that [it] intended to describe the conventional master-servant relationship as

understood by common-law agency doctrine," *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318,

322–23 (1992)—that is, the test articulated in *Borello*.

## 3.    AMENDMENT OF PLEADINGS

### A.    Plaintiffs' Position

On October 15, 2018, this Court granted Plaintiffs' Motion for Leave to Amend the

Complaint, to add Kellyn Timmerman and Joshua Albert as additional plaintiffs.  Plaintiffs filed their

amended complaint on October 22, 2018.  Dkt. 35.  Plaintiffs now seek a further amendment to allow

the addition of a PAGA claim to this case.  Given that Joshua Albert opted out of arbitration, his

pursuit of a PAGA claim would not be slowed down by a further consideration of a motion to compel

arbitration, nor would such an amendment slow down the progress of this case because the Court

could proceed to address Plaintiffs' motion for summary judgment on liability.  The addition of a

PAGA claim would merely determine whether or not PAGA penalties could be recovered in addition

to damages for Albert, should Albert be successful on the merits.

### B.    Defendant's Position

Plaintiffs confusingly state both that they "now seek a further amendment to allow the

addition of a PAGA claim" (*see* Section 3(A), *supra*), and that "Plaintiffs intend to move to amend

the complaint to add a PAGA claim" at some time in the future if the pending motion to dismiss

Plaintiff Albert's claim is denied (*see* Section 2(A), *supra*).  Regardless of what Plaintiffs presently

intend, however, the Court should not consider any further amendment of Plaintiffs' complaint unless

1   and until Plaintiffs file a motion to amend that complies with the federal and local procedural rules,

2   and the parties have had a full opportunity to present their positions through briefing and a hearing.

3           Postmates will oppose any such motion, including on the grounds that amendment would be

4   futile.  There are currently five earlier-filed suits asserting PAGA claims pending against Postmates

5   (including one brought by the same counsel that represents Plaintiffs in the instant matter), all of

6   which challenge couriers' classification as independent contractors.  *Winns v. Postmates Inc.* (S.F.

7   Super. Ct., No. CGC-17-562282), *Rimler v. Postmates Inc.* (S.F. Super. Ct., No. CGC-18-567868),

8   *Brown v. Postmates Inc.* (L.A. Super. Ct., No. BC712974), *Pettie v. Postmates Inc.* (Riverside Super.

9   Ct., No. RIC 1817321), and *Santana v. Postmates Inc.* (L.A. Super. Ct., No. BC720151).  These five

10   suits involve the same questions and seek the same penalties on behalf of the same State and the same

11   group of couriers for the same alleged violations.  *Alakozai v. Chase Invest. Servs., Inc.*, No. CV 11-

12   09178 (JEMx), 2012 WL 748584, at *4 (C.D. Cal. Mar. 1, 2012).  Accordingly, should the Court

13   permit Albert to file a Second Amended Complaint to add a PAGA claim (which it should not), the

14   Court should also stay litigation of that claim pending adjudication of the PAGA claims asserted in

15   the earlier-filed, overlapping actions.  *Id.* at *6 (staying later-filed PAGA action under first-to-file

16   rule).

17           Plaintiffs argue that Albert "cannot be required to await [] appeals [in the other pending

18   PAGA actions] before proceeding with his PAGA claim."  Section 2(A).  But Plaintiffs offer no

19   reason why Albert, if permitted to bring a PAGA claim, should not have his case stayed in light of the

20   five other earlier-filed PAGA actions.  Plaintiffs ignore the holding in *Alakozai*, where the court *did*

21   stay a later-filed PAGA action under the first-to-file rule.  The *Alakozai* court explained that absent

22   "compelling circumstances[,] … the first-filing party should be permitted to proceed without concern

23   about a conflicting order being issued in the later-filed action."  *Id.* at *4 (citation omitted).  As the

24   court explained, "allowing the two matters to proceed simultaneously would unnecessarily risk

25   inconsistent judgments and defeat efficiency."  *Id.* at *5.  Moreover, Plaintiffs cite to two cases in

26   which courts declined to stay later-filed PAGA claims, but neither case is on point.  In both *Tan

27   v. Grubhub, Inc.*, 171 F.Supp.3d 998 (N.D.Cal. 2016), and *O'Connor v. Uber Techs., Inc.*, No. 3:13-

28   cv-03826 (N.D. Cal. Feb. 2, 2016), the courts declined to stay the cases before them pending an

overlapping state-court PAGA action because the federal complaint contained additional causes of action that would not be resolved by the state-court PAGA action.  Here, if Timmerman's claims are compelled to arbitration and Albert pursues a "PAGA-only" action (and does not pursue the currently pled class claims, as Plaintiffs suggest above), his claims would assert the same claims on behalf of the same group of couriers, and would therefore be resolved by earlier-filed PAGA actions.

**4.     DISCLOSURES**

The parties have yet to exchange their initial disclosures.  Pursuant to Federal Rule of Civil Procedure 26(a)(1)(c), the parties stipulate to doing so 30 days after the Court has ruled on Postmates' Motion to (1) Compel Arbitration of Kellyn Timmerman's Claims and (2) Dismiss Joshua Albert's Claims.

**5.     PROCEDURAL GUIDANCE FOR CLASS ACTION SETTLEMENTS**

Pursuant to the Court's revised Standing Order for All Judges of the Northern District of California, effective November 1, 2018, all attorneys of record for the parties confirm that they have reviewed the Procedural Guidance for Class Action Settlements.

Dated:  December 7, 2018                    LICHTEN & LISS-RIORDAN, P.C.


                                            By:   _____*/s/ Shannon Liss-Riordan*_____
                                                  Shannon Liss-Riordan
                                                  Attorneys for Plaintiffs


Dated:  December 7, 2018                    GIBSON, DUNN & CRUTCHER LLP


                                            By:   _____*/s/ Dhananjay S. Manthripragada*_____
                                                  Dhananjay S. Manthripragada
                                                  Attorneys for Defendant

**ECF ATTESTATION**

I, Dhananjay S. Manthripragada, hereby attest that concurrence in the filing of this document has been obtained from the above signatories.


Dated:  December 7, 2018                              */s/ Dhananjay S. Manthripragada*
                                                                              Dhananjay S. Manthripragada

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served by electronic filing on December 7, 2018, on all counsel of record.

                                                                 */s/ Dhananjay S. Manthripragada*
                                                                              Dhananjay S. Manthripragada

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. 3:18-CV-03421-JCS