UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ALBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>POSTMATES INC.,<br><br>　　　　　Defendant. | Case No. 18-cv-07592-JCS<br><br>**ORDER REGARDING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 50 |

## I.   INTRODUCTION

Plaintiff Joshua Albert brings several claims under California law based on the premise that Defendant Postmates Inc. misclassified Albert as an independent contractor rather than an employee in his role as a courier for Postmates.  Postmates now moves to dismiss Albert's second amended complaint.  The Court finds that matter suitable for resolution without oral argument and VACATES the hearing set for March 8, 2019, although the case management conference set to occur at the same time remains on calendar.  For the reasons discussed below, Postmates' motion is GRANTED in part and DENIED in part.  Albert may file a third amended complaint no later than March 22, 2019 if he wishes to pursue claims based on Postmates' failure to reimburse expenses related to the use of his vehicle.[1]

## II.   BACKGROUND

### A.   Procedural History

This case began when Dora Lee, another Postmates courier, filed a putative class action in state court.  Postmates removed to this Court under the Class Action Fairness Act and moved to compel arbitration of Lee's claims, and the Court granted that motion based on Lee's failure to opt

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

out of the arbitration clause of Postmates' Fleet Agreement within the time allowed to do so.  *See generally* Order re Mot. to Compel Arbitration & Mot. for Leave to File Am. Compl. (dkt. 31).[2] At the same time, the Court granted Lee's motion to file an amended complaint naming Joshua Albert and Kellyn Timmerman as additional plaintiffs.  *Id.* at 18–22.

Postmates then moved to compel arbitration of Timmerman's claims and to dismiss Albert's claims.  *See* dkt. 36.  The Court granted the motion to compel Timmerman's claims and the motion to dismiss Albert's claims, but allowed Albert leave to amend most of his claims.  *See generally* Order re Mot. to Compel Arbitration & Mot. to Dismiss ("Dec. 2018 Order," dkt. 47).[3] The Court dismissed a claim under California Labor Code section 226.8 with prejudice because that statute does not provide a private right of action, and dismissed with leave to amend Albert's remaining claims—generally based on failure to pay sufficient wages and failure to reimburse business expenses—for failure to allege that Postmates owed such wages and reimbursements to Albert himself, rather than to "couriers" generally.  *Id.* at 15–17.  The Court did not reach Postmates' remaining arguments but encouraged Albert to consider those arguments in drafting a second amended complaint.  *Id.* at 17.  The Court also granted a request by Plaintiffs to dismiss rather than stay Lee and Timmerman's claims in order to allow them to appeal the Court's orders compelling arbitration, and severed Albert's claims to avoid confusion from his claims proceeding simultaneously with Lee and Timmerman's appeal.  *Id.* at 1.

**B.     Second Amended Complaint**

Albert's second amended complaint includes the following claims: (1) failure to reimburse business expenses in violation of section 2802 of the California Labor Code, *see* 2d Am. Compl. ("SAC," dkt. 49) ¶ 28; (2) failure to pay minimum wage in violation of sections 1197 and 1194 of the Labor Code, *id.* ¶ 29; (3) unlawful business practices under California's Unfair Competition Law (the "UCL"), *id.* ¶ 30; (4) a claim for penalties under California's Private Attorneys General Act ("PAGA") based on purported violations of a number of underlying sections of the Labor

---

[2] *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018). Citations herein to the Court's previous orders refer to page numbers of the versions in the Court's ECF docket.
[3] *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 WL 6605659 (N.D. Cal. Dec. 17, 2018).

Code related to reimbursement of expenses, minimum wage, and willful misclassification, *id.*
¶¶ 27, 31–34; and (5) a claim for declaratory judgment establishing that Postmates has violated the
Labor Code by misclassifying its couriers as independent contractors, in which Albert also seeks
an injunction requiring Postmates to comply with the Labor Code, which Albert contends would
constitute "public injunctive relief," *id.* ¶¶ 35–39.

Albert alleges that he worked as a delivery driver for Postmates in August of 2018, and
that Postmates terminated him on August 30, 2018 "because his customer rating [purportedly] fell
below a certain metric." *Id.* ¶¶ 14, 20. According to Albert, Postmates misclassified him and
other drivers as independent contractors when, under California law, they would correctly be
classified as employees. *Id.* ¶¶ 15–20. Albert alleges that, in the course of performing deliveries
and running Postmates' smartphone application, he "incurred costs for the use of his vehicle,
including for gas and car insurance, as well as phone and data expenses that he would not have
incurred if he had not worked for Postmates," and for which Postmates did not reimburse him. *Id.*
¶¶ 21–22. Albert also alleges that Postmates only paid him $193.77 for twenty-six hours of work,
averaging $7.45 per hour, despite California's $11 per hour minimum wage. *Id.* ¶ 24.

## III. ANALYSIS

### A. Subject Matter Jurisdiction

The only basis for federal subject matter jurisdiction over Albert's claims is the Class
Action Fairness Act ("CAFA"), which permitted Postmates to remove the case from state court
when Lee sought to represent a class pursuing a total recovery exceeding than five million dollars.
*See* SAC ¶ 6; 28 U.S.C. § 1332(d).[4] The Court's previous order recognized that there does not
appear to be precedent directly addressing whether CAFA jurisdiction extends to a case like this
one, where the only remaining plaintiff no longer seeks to represent a class and was not a party at
the time the case was removed. Dec. 2018 Order at 17–18. Despite the Court's request that the

---

[4] Albert's complaint also asserts federal question jurisdiction under 28 U.S.C. § 1331 based on his
claim under the Declaratory Judgment Act. SAC ¶ 7. The Declaratory Judgment Act does not
confer such jurisdiction where, as here, a plaintiff seeks a declaration of rights only under state
law. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (citing
*Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).

parties should be prepared to address this issue if Albert chose to proceed in this forum, *id.* at 17, neither party's briefs on the present motion address subject matter jurisdiction.

As noted in this Court's previous order, the Ninth Circuit has held that the denial of class certification does not destroy jurisdiction for a case removed under CAFA. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091–92 (9th Cir. 2010) (holding that "if a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction"). Although Albert was not a party when the case was removed, he still sought to represent a class that would have satisfied CAFA jurisdictional requirements when he joined the case. *See generally* 1st Am. Compl. (dkt. 35). And while Albert has chosen to proceed individually rather than, as in *Shell Oil*, filing an unsuccessful motion for class certification, the Court finds no support in precedent or policy for conditioning jurisdiction on the distinction between whether a plaintiff pursues a meritless motion or chooses to forego filing a motion. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010) (holding that "jurisdiction under CAFA is secure even though, after removal, the plaintiffs amended their complaint to eliminate the class allegations"). The Court therefore has subject matter jurisdiction over Albert's claims.

### B. Legal Standard for Dismissal Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint "'must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### C. Claim for Reimbursement of Business Expenses

Section 2802 of the California Labor Code requires an employer to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Cal. Lab. Code § 2802. Whether an expenditure is "necessary" within the meaning of this statute "depends on the reasonableness of the employee's choices." *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 568 (2007). Albert alleges that he incurred costs related to operating a motor vehicle and using Postmates' smartphone app. *See* SAC ¶ 22. Postmates moves to dismiss this claim for lack of sufficient allegations that Albert actually incurred such costs, that such costs were necessary in his role as a courier, and that Postmates knew or had reason to know that Albert incurred them. Mot. (dkt. 50) at 11–14.

The first argument disregards Albert's allegations. Albert alleges that he incurred costs including "gas and car insurance, as well as phone and data expenses that he would not have incurred if he had not worked for Postmates." SAC ¶ 22. The Court takes those allegations as

true at the pleading stage.

The Court also concludes that Albert has sufficiently alleged such expenses were "necessary" to his job as a Postmates courier. Postmates' argument on this point focuses on vehicle expenses, on the grounds that the couriers had discretion to complete deliveries on foot or bicycle rather than in a motor vehicle. *See* Reply (dkt. 55) at 4. While Postmates is correct that not all couriers used motor vehicles, the "necessity" analysis under section 2802 "depends on the reasonableness of the employee's choices." *Gattuso*, 42 Cal. 4th at 568. Given that the Fleet Agreement specifically contemplates couriers using motor vehicles to make deliveries, the Court declines to hold at the pleading stage that it was unreasonable for Albert to make deliveries by car. *See* Campbell Decl. Ex. A (Fleet Agreement) § 6 (certifying that the courier "has all equipment, including motor vehicles, scooters, and/or bicycles, . . . necessary to perform Deliveries").[5]

Postmates' final argument on this claim is that Albert does not sufficiently allege that Postmates knew he incurred any business expense. Courts have generally held that section 2802 requires reimbursement where an employer "knows or has reason to know that the employee has incurred an expense." *Stuart v. RadioShack Corp.*, 641 F. Supp. 2d 901, 905 (N.D. Cal. 2009); *see also, e.g.*, *McLeod v. Bank of Am., N.A.*, No. 16-cv-03294-EMC, 2017 WL 6373020, at *7 (N.D. Cal. Dec. 13, 2017); *James v. Dependency Legal Grp.*, 253 F. Supp. 3d 1077, 1106 (S.D. Cal. 2015); *Cochran v. Schwan's Home Serv., Inc.*, 228 Cal. App. 4th 1137, 1140–41 (2014) (citing the trial court's inclusion of knowledge as an element of the claim, but not considering that issue directly). Albert distinguishes *Stuart* on the basis that it discussed a plaintiff's burden of proof on the merits rather than at the pleading stage, *see* Opp'n (dkt. 54) at 4, but the requirement that a complaint must address "all the material elements necessary" for a claim, *see Twombly*, 550 U.S. at 562, undermines that distinction. To state a claim under section 2802, a complaint must include factual allegations supporting a plausible inference that the employer knew or should have known of the expenses at issue. While Albert alleges generally that Postmates "is aware that its drivers such as Albert incur these expenses," SAC ¶ 22, he does not allege that Postmates had any reason

---

[5] Neither party disputes that the Fleet Agreement is incorporated by reference by Albert's complaint and that the Court may therefore consider it at the pleading stage.

to know that Albert, specifically, incurred such expenses.

With respect to telephone expenses, Postmates' Fleet Agreement makes clear that Postmates "us[es] web-based technology that connects" couriers with customers and restaurants (or other businesses), *see* Fleet Agreement at 1 (Recitals), and requires couriers to agree that Postmates may send them delivery updates and other communications "via SMS and push notification," *id.* § 2G. It is therefore reasonable to infer that Postmates knew that all of its couriers used personal cellular devices requiring telephone and/or data plans to complete deliveries. While Postmates may not have known the terms of any particular courier's plans, knowledge of such details would not have been necessary for Postmates to know that couriers had incurred expenses it was required to reimburse. *See Cochran*, 228 Cal. App. 4th at 1144–45 (holding that section 2802 requires an "employer [to] pay some reasonable percentage of the employee's cell phone bill" used for mandatory work purposes regardless of whether "the employee incurred an extra expense" as a result of such usage, and regardless of whether some third party, such as a friend or relative, pays the employee's bill). Postmates' motion is therefore DENIED as to telephone expenses.

As for vehicle expenses, Albert has not alleged that Postmates knew he used a car for deliveries, and because couriers have the option to make deliveries on foot or bicycle, *see* Fleet Agreement § 6, the mere fact that Albert completed deliveries would not have put Postmates on notice that Albert incurred gas or insurance charges. This claim is therefore DISMISSED with respect to vehicle expenses, with leave to amend if Albert can allege facts to show that Postmates was aware he incurred such expenses.

### D. Claim for Failure to Pay Minimum Wage

Postmates also challenges Albert's claim under sections 1194 and 1197 of the Labor Code for failure to pay minimum wage, but has not identified any case holding that a plaintiff who alleges a specific amount of pay for a specific number of hours worked fails to plead a plausible claim for denial of minimum wage. To the extent that any of the district court decisions cited by

Postmates could be construed as suggesting that such pleading is inadequate,[6] this Court respectfully disagrees. Albert does not allege that he was merely on call or logged into Postmates' application; he alleges that he "worked" for around 26 hours. SAC ¶ 24. Addressing the similar, and if anything more context-specific, claim of failure to pay overtime wages, the Ninth Circuit has held that a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014). Albert has met that standard here by alleging the period of time he worked and the amount he was paid. On a motion to dismiss, the Court takes these allegations as true and draws all reasonable inferences in Albert's favor. If Albert did not in fact work the number of hours he alleges, Postmates may dispute the accuracy of his allegation at summary judgment or trial.

### E. UCL Claim

Postmates moves to dismiss Albert's claim under the UCL to the extent it rests on the theories addressed above. For the reasons stated above, the UCL claim is DISMISSED with leave to amend to the extent that it is based on failure to reimburse expenses related to Albert's vehicle, but may proceed on theories of failure to reimburse telephone expenses and failure to pay minimum wage.

Postmates also moves to dismiss this claim to the extent that it is based on Postmates' purported willful misclassification of Albert under section 226.8 of the Labor Code. That statute does not provide for damages, and Postmates argues that the civil penalties it authorizes are not compensable as restitution under the UCL. Mot. at 17. Postmates is correct: "Labor Code penalties are generally not recoverable as a form of UCL restitution." *Noe v. Superior Court*, 237 Cal. App. 4th 316, 326 (2015). In response to that rule, Albert cites a single district court decision that cited section 226.8 in a list of eleven statutes that could support a UCL claim. Opp'n at 6

---

[6] *See, e.g.*, *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2016) (noting, among other defects in the plaintiffs' minimum wage and overtime claims, that they included "no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked").

(citing *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, 2018 WL 5809428, at *12 (N.D. Cal. Nov. 6, 2018)). The decision in *Karl* explained that "claims for recovery of wages and the value of benefits constitute restitutional disgorgement"; it does not state that *penalties* are recoverable as restitution, and there is no indication the court was asked to consider that question. *See Karl*, 2018 WL 5809428, at *12. This Court follows California law as stated in *Noe*, and DISMISSES with prejudice Albert's UCL claim to the extent that it seeks restitution based on violations of section 226.8. This reasoning does not, however, extend to a claim for injunctive relief based on such violations.

Postmates argues that Albert's UCL claim based on section 226.8 is also deficient for failure to support with sufficient factual allegations the assertion that Postmates *willfully* misclassified Albert. Mot. at 17–18. Albert alleges that Postmates "provides on-demand delivery of food and merchandise to customers," SAC ¶ 1, that it "holds itself out to the public as a delivery service," *id.* ¶ 13, and that, as a delivery driver, "Albert performed services within Postmates' usual course of business as a delivery service," *id.* ¶ 16. In light of the California Supreme Court's April 2018 decision that "individuals whose services are provided within the usual course of the [employer's] business" are employees, Albert's allegations are sufficient to support a plausible inference that Postmates' classification of him as an independent contractor in August of 2018 was a willful misclassification. *See Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 959 (2018). To the extent that it seeks injunctive rather than restitutionary relief, Albert's UCL claim based on section 226.8 may proceed.

### F. PAGA Claim

Postmates moves to dismiss Albert's PAGA claim to the extent that it is based on underlying claims that are themselves deficient. Mot. at 18–19. This claim is therefore DISMISSED with leave to amend to the extent that it is based on failure to reimburse vehicle expenses.

Postmates also argues that Albert's PAGA claim should be stayed under the first-to-file rule, based on numerous other cases proceeding against Postmates before various courts and arbitrators that include PAGA claims or involve similar issues of how Postmates classifies

couriers. Mot. at 18–21. In response to Albert's argument that all of the judicial actions raising similar PAGA claims "are either stayed pending appeal [of arbitration clause issues] or are likely to be stayed pending appeal," Opp'n at 8, Postmates cites only one case where that is not true, Reply at 13 (citing *Pettie v. Postmates Inc.*, No. RIC1817321 (Cal. Super. Ct.)). That case has since been dismissed. Case Mgmt. Conf. Stmt. (dkt. 60) at 5 (discussing the status of related cases, including *Pettie*).

The parties agree that PAGA does not in itself prohibit concurrent actions by different plaintiffs or require a stay of subsequent actions. *See* Opp'n at 8–9 (citing, *e.g.*, *Tan v. Grubhub*, 171 F. Supp. 3d 998 (N.D. Cal. 2016), for the proposition that "State and federal courts in California have routinely permitted concurrent PAGA actions to proceed so long as there is only one PAGA *judgment* against a defendant for the same or similar claims for a single timeframe" (emphasis added)); Reply at 11 ("But the first-to-file rule that Postmates invokes here arises not out of PAGA's statutory text, but out of concerns for conserving judicial resources and minimizing the risk of conflicting rulings."). As Postmates correctly notes, a "PAGA action is brought on behalf of the State of California, and state law treats the government—not the private plaintiff—as the real party in interest." Mot. at 19 (citing *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009)). Postmates has presented no persuasive reason why California should have its interest in the enforcement of its laws delayed by other private plaintiffs' complications related to arbitration, nor why proceeding with this case while others are stayed would cause judicial inefficiency.

In addition to the stayed or dismissed judicial actions, Postmates also cites "thirty arbitrations pending against Postmates," but concedes that they "are not PAGA actions." Reply at 13. Even if the arbitrations involve similar issues of classification, it is not clear why the state's interest in enforcing its laws should wait for the conclusion of those arbitrations, each of which— by the terms of Postmates' Fleet Agreement—can only resolve the claims of a single courier. Postmates' request to stay Albert's PAGA claim is DENIED.[7]

---

[7] Postmates' motion also raises an argument that the sixty-five day period allowed for the Labor and Workforce Development Agency ("LWDA") to commence an investigation after receiving

### G. Declaratory Judgment Claim

Postmates moves to dismiss Albert's claim for declaratory judgment because, according to Postmates, the underlying Labor Code and UCL claims on which it is based are themselves deficient. Mot at 21; Reply at 14. This claim is dismissed with leave to amend to the extent that it is based on failure to reimburse vehicle expenses, but otherwise may proceed for the reasons stated above.

## IV. CONCLUSION

For the reasons discussed above, Postmates' motion is GRANTED with respect to Albert's UCL claim for restitution based on section 226.8, which is dismissed with prejudice, and with respect to all claims based on failure to reimburse expenses related to Albert's vehicle, which are dismissed with leave to amend. The motion is otherwise DENIED. If Albert wishes to pursue claims for reimbursement of vehicle-related expenses, he may file a third amended complaint no later than March 22, 2019.

**IT IS SO ORDERED.**

Dated: March 5, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

---

notice of Albert's allegations—an alternative method of enforcing the Labor Code that would preclude Albert's PAGA claim—had not yet expired at the time Postmates filed its motion. Mot. at 20–21. There is no indication that the LWDA gave notice of intent to investigate, and Postmates' reply, which was filed one day after the sixty-five day notice period elapsed, does not renew this argument. *See* Reply at 11–14.