LICHTEN & LISS-RIORDAN, P.C.
SHANNON LISS-RIORDAN, SBN 310719
sliss@llrlaw.com
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:	(617) 994-5800
Facsimile:	(617) 994-5801

Attorney for Plaintiff Joshua Albert

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ALBERT,<br><br>                    Plaintiff,<br><br>        v.<br><br>POSTMATES, INC.,<br><br>                    Defendant. | CASE NO. 3:18-cv-07592-JCS<br><br>**PLAINTIFF'S STATEMENT REGARDING BRIEFING SCHEDULE FOR MOTION PRACTICE AND METHOD OF ADR**<br><br>Judge:  Hon. Joseph C. Spero<br>Action Filed: May 8, 2018<br>Trial Date: None Set |

Plaintiff Joshua Albert ("Plaintiff" or "Albert"), through undersigned counsel, respectfully submits the following statement:

1. On March 8, 2019, the Court directed the parties to "meet and confer and file an agreed upon briefing schedule for motion practice with the reply brief to be due four (4) weeks before the scheduled hearing date, and address the method of ADR, by March 15, 2019" (Dkt. 64). Plaintiff diligently attempted to meet and confer with Defendant regarding a briefing schedule for motion practice and the method of ADR, but the parties did not reach an agreed-upon schedule before midnight Eastern Daylight Time on Friday, March 15, 2019 (Plaintiff's counsel is based in Boston, Massachusetts). At that time, given the late hour, Plaintiff's counsel asked counsel for Defendant Postmates, Inc. ("Postmates") if they would agree to file a joint stipulation asking the Court to extend the deadline until Tuesday, March 19, 2019, a request to which counsel for Postmates did not respond. At midnight Pacific Daylight Time (3:00 a.m. Eastern), Postmates filed its separate statement regarding a briefing schedule and selection of ADR method. Dkt. 66. Plaintiff therefore submits his separate statement below.[1]

2. Plaintiff agrees with Postmates that it is premature to set a briefing schedule for motions other than summary judgment motions and that the parties will meet and confer and jointly propose to the Court (as necessary) a briefing schedule for other motions following the resolution of summary judgment motions.

3. The parties have agreed to conduct a private mediation before a reputable mediator familiar with the legal principles at issue by not later than August 15, 2019.

4. Plaintiff does not object to Postmates' proposal for motion practice and trial to be phased, with Phase 1 to address the question of whether Plaintiff is an aggrieved employee within the meaning of the Private Attorneys General Act ("PAGA").

---

[1] Plaintiff notes for the Court that his counsel has repeatedly run into this issue when preparing joint filings with this defense counsel. Despite having begun preparing a joint statement well in advance of the deadline, defense counsel routinely draws the process out until close to midnight Pacific time the date of the filing, which is discourteous whichever coast counsel resides on. Now defense counsel has shown that defendants will simply file unilaterally when Plaintiff's counsel refuses to continue the conferral process until late into the night. Plaintiff's counsel, who practices regularly in California, has not experienced this issue with other defense counsel.

5. Plaintiff disagrees with Defendant's proposed schedule for two principal reasons: First, Plaintiff understood the Court to expect that summary judgment could be briefed shortly after the discovery deadline of June 1, 2019, and heard during the summer. Plaintiff does not believe there is a need to delay a summary judgment hearing until November, as Postmates has proposed. Second, Plaintiff does not believe that expert testimony is necessary or appropriate regarding the misclassification issue. While Plaintiff understands that the Court has stated it will not rule on the propriety of experts until after expert discovery, Plaintiff objects to delaying the summary judgment briefing and hearing to allow for protracted expert discovery. Plaintiffs' proposal would have expert discovery (if any is taken) be over at the same time as fact discovery closes.

6. Plaintiff proposes the following schedule for discovery and motion practice:

| Event | Date |
| --- | --- |
| Expert Disclosures | May 1, 2019[2] |
| Fact and Expert Discovery Cutoff | June 1, 2019 |
| Deadline to File Summary Judgment Motion on Albert's Status as an "Aggrieved Employee"; Deadline to File *Daubert* Motion(s) Regarding Moving Party's Expert(s) | July 1, 2019 |
| Deadline to File Opposition to Motion for Summary Judgment; Deadline to File *Daubert* Motion(s) Regarding Opposing Party's Expert(s) | July 22, 2019 |
| Deadline to File Reply in Support of Motion for Summary Judgment | August 5, 2019 |

---

[2] While recognizing that the Court previously ordered that expert discovery close on July 1, 2019, Plaintiff believes any expert discovery can be conducted concurrently with fact discovery. Plaintiff may or may not depose Postmates' proposed expert, but Plaintiff does not intend to propose an expert.

| Deadline to Conduct Mediation | August 15, 2019 |
|---|---|
| Hearing on Motion for Summary Judgment | September 6, 2019 |
| Parties to Present Stipulated Schedule for Any Further Pretrial Motions and Trial Date | 30 days following ruling on summary judgment |

Dated: March 17, 2019　　　　　　　　　LICHTEN & LISS-RIORDAN, P.C.

　　　　　　　　　　　　　　　　　　　By: /s/ Shannon Liss-Riordan

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff JOSHUA ALBERT

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of this document was served by electronic filing on March 17, 2019, on all counsel of record.

                                   /s/ Shannon Liss-Riordan
                                   Attorney for Plaintiff

PLAINTIFF'S STATEMENT REGARDING BRIEFING SCHEDULE FOR MOTION PRACTICE
AND METHOD OF ADR
NO. 3:18-CV-07592-JCS