1  THEANE EVANGELIS, SBN 243570
   tevangelis@gibsondunn.com
2  DHANANJAY S. MANTHRIPRAGADA, SBN 254433
   dmanthripragada@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
5  Facsimile:  213.229.7520

6  MICHELE L. MARYOTT, SBN 191993
   mmaryott@gibsondunn.com
7  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
8  Irvine, CA  92612-4412
   Telephone: 949.451.3800
9  Facsimile:  949.451.4220

10  Attorneys for Defendant Postmates Inc.

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13

14  JOSHUA ALBERT,                          CASE NO. 3:18-cv-07592-JCS

15                        Plaintiff,        **DEFENDANT'S ANSWER TO PLAINTIFF'S
                                            THIRD AMENDED COMPLAINT**
16          v.

17  POSTMATES INC.                          Judge:  Hon. Joseph C. Spero
                                            Action Filed:  May 8, 2018
18                        Defendant.        Trial Date:  None Set

19                                          **[JURY TRIAL DEMANDED]**

20

21          Defendant Postmates Inc. answers the Third Amended Complaint ("Complaint") filed by

22  Plaintiff Joshua Albert according to its numbered paragraphs as follows:

23          1.      Answering the allegations in paragraph 1 of the Complaint, Defendant admits that

24  Postmates is an online marketplace and platform that connects individual customers with local

25  merchants and independent contractor couriers to facilitate the purchase, fulfillment, and, when

26  applicable, delivery of goods from merchants to customers.  Defendant further admits that Postmates

27  is headquartered in San Francisco, California, and its online marketplace and platform are available

28

in California and the United States.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 1 of the Complaint.

2.      Answering the allegations in paragraph 2 of the Complaint, Defendant denies that it misclassifies drivers as independent contractors.  Defendant admits that Plaintiff purports to bring a representative claim against Postmates on behalf of the State of California and other Postmates couriers.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 2 of the Complaint.

3.      Answering the allegations in paragraph 3 of the Complaint, Defendant lacks sufficient information and belief to admit or deny whether Plaintiff is an adult citizen of California, and on that basis, denies the allegation.  Defendant admits that from August 17, 2018, through August 27, 2018, Plaintiff used Postmates' online platform to find delivery opportunities.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 3 of the Complaint.

4.      Answering the allegations in paragraph 4 of the Complaint, Defendant admits that Postmates Inc. is incorporated in Delaware and headquartered in San Francisco, California.

5.      Paragraph 5 of the Complaint contains Plaintiff's jurisdictional allegations to which no response is required.  To the extent a response is required, Defendant admits that this Court has personal jurisdiction over Postmates because it is headquartered in California.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint contains Plaintiff's jurisdictional allegations to which no response is required.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this action.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint contains Plaintiff's jurisdictional allegations to which no response is required.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that Plaintiff alleges that an actual controversy exists between the Parties within the meaning of 28 U.S.C. § 2201.

Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Paragraph 8 of the Complaint contains Plaintiff's legal assertions regarding venue to which no response is required.  To the extent a response is required, Defendant admits that Postmates is headquartered in San Francisco, California.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 8 of the Complaint.

9.      Answering the allegations in paragraph 9 of the Complaint, Defendant admits that it is an online marketplace and platform that connects individual customers with local merchants and independent contractor couriers to facilitate the purchase, fulfillment, and, when applicable, delivery of goods from merchants to customers.  Defendant further admits that it is headquartered in San Francisco and that its online marketplace and platform are available in many cities in California. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 9 of the Complaint.

10.      Answering the allegations in paragraph 10 of the Complaint, Defendant lacks sufficient information and belief to admit or deny where food and merchandise originates, and on that basis, Defendant denies the allegation.  Defendant expressly denies the remaining allegations contained in paragraph 10 of the Complaint.

11.      Answering the allegations in paragraph 11 of the Complaint, Defendant admits that its online marketplace is made available to individual customers and independent contractor couriers via Postmates' mobile application and website.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 11 of the Complaint.

12.      Answering the allegations in paragraph 12 of the Complaint, Defendant denies that it holds itself out to the public as a delivery service.  Defendant admits that Postmates has, at certain times, used the phrase "Anything, anywhere, anytime," on its website.  Defendant further admits that "Postmates Unlimited" is a membership program that allows customers to pay a flat fee to facilitate the delivery of goods purchased through the Postmates online marketplace and platform.  Defendant further admits that it has, at certain times, used the phrase "Pay once, free delivery all year," in connection with the Postmates Unlimited program.  Defendant further admits that Postmates has

stated on its website, at certain times, that "Postmates is transforming the way goods move around cities by enabling anyone to have anything delivered on-demand."  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 12 of the Complaint.

13.     Answering the allegations in paragraph 13 of the Complaint, Defendant admits that Plaintiff used Postmates' online marketplace and platform to find delivery opportunities from August 17, 2018, through August 27, 2018.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Answering the allegations in paragraph 14 of the Complaint, Defendant admits that pursuant to the Postmates Fleet Agreement, which couriers must accept before they may access Postmates' online platform to access delivery opportunities, couriers confirm they are independent contractors.  Defendant further admits that Plaintiff confirmed he was an independent contractor when he accepted the Fleet Agreement.  Defendant denies that under California law, couriers should be classified as employees.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 14 of the Complaint.

15.     Answering the allegations in paragraph 15 of the Complaint, Defendant denies each and every allegation in paragraph 15 of the Complaint.

16.     Answering the allegations in paragraph 16 of the Complaint, Defendant denies each and every allegation in paragraph 16 of the Complaint.

17.     Answering the allegations in paragraph 17 of the Complaint, Defendant denies each and every allegation in paragraph 17 of the Complaint.

18.     Answering the allegations in paragraph 18 of the Complaint, Defendant admits that, at certain times, it sets the rates offered to independent contractor couriers who offer their services to customers using Postmates' online platform.  Defendant further admits that pursuant to the Fleet Agreement, Postmates has the right to modify payment schedules.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Answering the allegations in paragraph 19 of the Complaint, Defendant admits that Postmates communicates with its customers.  Defendant further admits that Postmates has at certain times suspended or terminated couriers' access to Postmates' online platform when a courier has

materially breached the Fleet Agreement.  Defendant further admits that Postmates terminated Plaintiff's ability to use its online platform on August 30, 2018, after Plaintiff materially breached the Fleet Agreement.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Answering the allegations in paragraph 20 of the Complaint, Defendant admits that pursuant to the Postmates Fleet Agreement, independent contractor couriers are responsible for paying all costs and expenses arising from their performance of deliveries using Postmates' online platform.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 20 of the Complaint.

21.     Answering the allegations in paragraph 21 of the Complaint, Defendant lacks sufficient information and belief to admit or deny whether Plaintiff incurred costs for the use of his vehicle, including for gas and car insurance, while using the Postmates platform, and on that basis, Defendant denies the allegation.  Defendant further lacks sufficient information and belief to admit or deny whether Plaintiff incurred phone and data charges while using his smartphone to run Postmates' platform, and on that basis, Defendant denies the allegation.  Defendant further admits that, as part of the courier onboarding process, Plaintiff provided his driver's license number so that a third-party vendor could perform a background and driving record check.  Defendant admits that, as part of the courier onboarding process, Plaintiff was asked to identify the mode of transportation he intended to use to perform deliveries.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 21 of the Complaint.

22.     Answering the allegations in paragraph 22 of the Complaint, Defendant admits that Postmates pays couriers a fee for each delivery, and at certain times has provided additional payments for deliveries completed.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Answering the allegations in paragraph 23 of the Complaint, Defendant denies that Plaintiff worked for approximately 26 hours and was paid a total of $193.77 for work he performed using the Postmates platform from August 18, 2018, through August 22, 2018.  Defendant lacks sufficient information and belief to admit or deny whether Plaintiff paid expenses relating to his car

1 and phone, and on that basis, denies the allegations.  Except as expressly admitted, Defendant denies

2 each and every allegation contained in paragraph 23 of the Complaint.

3        24.     Answering the allegations in paragraph 24 of the Complaint, the allegations in this

4 paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by

5 reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response

6 is required, Defendant admits that on April 30, 2018, the California Supreme Court issued its

7 decision in *Dynamex Operations W., Inc. v. Superior Court*, No. S222732.  Except as expressly

8 admitted, Defendant denies each and every allegation contained in paragraph 24 of the Complaint.

9        25.     Answering the allegations in paragraph 25 of the Complaint, Defendant admits that

10 Plaintiff provided notice of alleged California Labor Code violations to Postmates on December 4,

11 2018.  Defendant lacks sufficient information and belief to admit or deny whether Plaintiff provided

12 notice to the Labor and Workforce Development Agency ("LWDA") of these alleged violations or

13 whether the LWDA has provided any notice that it will or will not investigate Plaintiff's allegations,

14 and on that basis, Defendant denies the allegations.  Defendant expressly denies each and every

15 remaining allegation contained in paragraph 25 of the Complaint.

16        26.     Answering the allegations in paragraph 26 of the Complaint, Defendant admits that

17 Plaintiff purports to assert a claim under the Private Attorneys General Act, Labor Code section 2698

18 *et seq.* ("PAGA").  The remaining allegations in this paragraph constitute conclusions of law to

19 which no response is required.  Except as expressly admitted, Defendant denies each and every

20 allegation contained in paragraph 26 of the Complaint.

21                                  **COUNT I**
                              **Expense Reimbursement**
22                         **Violation of Cal. Lab. Code § 2802**

23        27.     Answering the allegations in paragraph 27 of the Complaint, the allegations in this

24 paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by

25 reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response

26 is required, Defendant denies each and every allegation contained in paragraph 27 of the Complaint.

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT
CASE NO. 3:18-CV-07592-JCS

Gibson, Dunn &
Crutcher LLP

**COUNT II**
**Minimum Wage**
**Violation of Cal. Lab. Code §§ 1197 and 1194**

28.     Answering the allegations in paragraph 28 of the Complaint, the allegations in this paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 28 of the Complaint.

**COUNT III**
**Unlawful Business Practices**
**Violation of Cal. Bus. & Prof. Code § 17200 *et seq.***

29.     Answering the allegations in paragraph 29 of the Complaint, the allegations in this paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response is required, Defendant denies each and every allegation contained in paragraph 29 of the Complaint.

**COUNT IV**
**Penalties Pursuant to the Labor Code Private Attorneys Federal Act of 2004**
**(Representative Action)**
**Violation of Cal. Lab. Code § 2698 *et seq.*, § 558**

30.     Answering the allegations in paragraph 30 of the Complaint, the allegations in this paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response is required, Defendant admits that Plaintiff purports to assert a representative claim under PAGA. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 30 of the Complaint.

31.     Answering the allegations in paragraph 31 of the Complaint, the allegations in this paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response is required, Defendant admits that Plaintiff seeks civil penalties pursuant to PAGA.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 31 of the Complaint.

Gibson, Dunn &
Crutcher LLP

1   32.     Answering the allegations in paragraph 32 of the Complaint, the allegations in this

2   paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by

3   reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response

4   is required, Defendant denies each and every allegation contained in paragraph 32 of the Complaint.

5   33.     Answering the allegations in paragraph 33 of the Complaint, Defendant admits that

6   Plaintiff provided notice of alleged California Labor Code violations to Postmates on December 4,

7   2018.  Defendant lacks sufficient information and belief to admit or deny whether Plaintiff provided

8   notice to the LWDA of these alleged violations or whether the LWDA has provided notice that it will

9   or will not investigate, and on that basis, Defendant denies the allegations.  Except as expressly

10  admitted, Defendant denies each and every allegation contained in paragraph 33 of the Complaint.

**COUNT V**
**Declaratory Judgment**
**28 U.S.C. §§ 2201-2202**

13  34.     Answering the allegations in paragraph 34 of the Complaint, the allegations in this

14  paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by

15  reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response

16  is required, Defendant admits that Plaintiff alleges that an actual controversy exists between the

17  Parties within the meaning of 28 U.S.C. § 2201.  Except as expressly admitted, Defendant denies

18  each and every allegation contained in paragraph 34 of the Complaint.

19  35.     Answering the allegations in paragraph 35 of the Complaint, the allegations in this

20  paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by

21  reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response

22  is required, Defendant denies each and every allegation contained in paragraph 35 of the Complaint.

23  36.     Answering the allegations in paragraph 36 of the Complaint, the allegations in this

24  paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by

25  reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response

26  is required, Defendant denies each and every allegation contained in paragraph 36 of the Complaint.

27  37.     Answering the allegations in paragraph 37 of the Complaint, the allegations in this

28  paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by

reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response is required, Defendant admits that Plaintiff seeks an order pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57.  Except as expressly admitted, Defendant denies each and every allegation in paragraph 37 of the Complaint.

38.     Answering the allegations in paragraph 38 of the Complaint, the allegations in this paragraph constitute conclusions of law to which no response is required.  Defendant sets forth by reference its responses to the preceding paragraphs as if fully set forth here.  To the extent a response is required, Defendant denies each and every allegation in paragraph 38 of the Complaint.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, which consists of conclusions of law for which no responsive pleading is required and which are therefore denied.  To the extent the allegations are deemed in whole or in part to be factual, Defendant denies them.  By way of further response, Defendant denies that Plaintiff is an aggrieved employee under PAGA, or that Plaintiff or the couriers he purports to represent suffered injury or damage of any kind.  Defendant denies that Plaintiff is entitled to any relief on any of his claims.

## SEPARATE AND ADDITIONAL DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time.  Defendant specifically reserves the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time.  Without admitting any of the facts alleged in the Complaint, Defendant asserts and alleges the following separate and additional defenses.  By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

1.     As a separate and distinct defense, Defendant alleges that the Complaint fails to state a claim for which relief can be granted.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Statute of Limitations)**

2.      As a separate and distinct defense, Defendant alleges that Plaintiff's claims are barred by applicable statutes of limitations.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

**(Unclean Hands)**

3.      As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint, and each purported cause of action alleged therein against Defendant, is barred by the doctrine of unclean hands.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

**(Waiver)**

4.      As a separate and distinct defense, Defendant alleges that, by his conduct and/or agreement between the parties, Plaintiff has waived any right to recover any relief pursuant to the Complaint, or any purported cause of action alleged therein.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

**(Estoppel)**

5.      As a separate and distinct defense, Defendant alleges that Plaintiff is estopped by his conduct from recovering any relief pursuant to the Complaint, or any purported cause of action alleged therein.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

**(Lack of Damages/Failure to Mitigate)**

6.      As a separate and distinct defense, Defendant alleges that Plaintiff has suffered no damages as a result of any alleged act or omission of Defendant, and even if Plaintiff has suffered damages or injuries, all or some portion of said damages or injuries were caused or attributable to Plaintiff's failure to take reasonable action to mitigate said damages or injuries, if any.

Gibson, Dunn &
Crutcher LLP

1

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Good Faith Dispute)

3          7.          As a separate and distinct defense, Defendant alleges that without conceding that there

4     are any wages and/or monies due, there exists a good faith dispute regarding the payment of wages

5     and/or monies allegedly owed.  Therefore, penalties are not warranted.

6

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

7

### (Excuse)

8          8.          As a separate and distinct defense, Defendant alleges that the claims of Plaintiff and

9     the "aggrieved employees" whom he purports to represent are barred in whole or in part because

10    Defendant's acts and/or omissions were excused.

11

## NINTH SEPARATE AND ADDITIONAL DEFENSE

12

### (Satisfaction of Duty)

13         9.          As a separate and distinct defense, Defendant alleges that Defendant satisfied, fulfilled

14    and performed each and every obligation and duty imposed by law or contract to the full extent of its

15    responsibility.

16

## TENTH SEPARATE AND ADDITIONAL DEFENSE

17

### (Failure to Perform)

18         10.         As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint, and

19    each cause of action therein, is barred by Plaintiff's or applicable third parties' failure to perform

20    under the alleged contract.

21

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

22

### (Material Breach of Contract)

23         11.         As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint, and

24    each cause of action therein, is barred because Plaintiffs or applicable third parties materially

25    breached the alleged contract.

26

27

28

1

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

2

### (Failure to Exhaust Administrative Remedies)

3          12.      As a separate and distinct defense, Defendant alleges that Plaintiff's Complaint, and

4    any purported cause of action alleged therein, is barred by Plaintiff's failure to exhaust administrative

5    remedies available under state and federal laws, including, without limitation, the California Labor

6    Code.

7

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

8

### (Adequate Remedy at Law)

9          13.      As a separate and distinct defense, Defendant alleges that Plaintiff has an adequate

10   remedy at law.  Therefore, injunctive, equitable, and/or declaratory relief is inappropriate.

11

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

12

### (No Standing)

13         14.      As a separate and distinct defense, Defendant alleges that Plaintiff has no standing to

14   bring some or all of the claims which are therefore barred.

15

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

16

### (Defendant Acted in Good Faith)

17         15.      As a separate and distinct defense, Defendant alleges that Defendant has acted

18   pursuant to a good faith belief that its practices are in conformity with both federal and state laws, in

19   reliance upon the reasonable interpretation of applicable law.

20

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

21

### (Not Willful)

22         16.      As a separate and distinct defense, Defendant alleges that the conduct and/or

23   violations of law alleged against Defendant are not sufficient to be "willful."

24

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

25

### (Due Process)

26         17.      As a separate and distinct defense, Defendant alleges that, as applied to this case,

27   proceeding on a representative basis under PAGA, Labor Code section 2698 *et seq.*, fails to provide

28   adequate due process protections and would violate the Rules Enabling Act, 28 U.S.C. § 2072,

inasmuch as it constitutes trial by formula and unfairly restricts Defendant's right to litigate affirmative defenses to the individual claims of Plaintiff and each courier he purports to represent, and therefore denies Defendant the protection of the Due Process Clause of the United States Constitution and violates the Rules Enabling Act.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Reasonable Payments/Quantum Meruit)

18.    As a separate and distinct defense, Defendant alleges that the actual payments paid to Plaintiff, which are the subject of this action, were reasonable, appropriate, and commensurate with the services and work actually performed.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Consent)

19.    As a separate and distinct defense, Defendant alleges that the relief prayed for in the Complaint is barred because Plaintiff consented to conduct about which he now complains.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Facial Due Process)

20.    As a separate and distinct defense, Defendant alleges that California Labor Code sections 2802, 1197, 1194, and 2699, and California Business and Professions Code section 17200, are facially ambiguous and violate due process notions pursuant to the United States Constitution.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Excessive Fines)

21.    As a separate and distinct defense, Defendant alleges that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Penalties Cannot Be Determined on a Representative Basis)

22.    As a separate and distinct defense, Plaintiff's claims for penalties under PAGA, Labor Code section 2698 *et seq.*, cannot be determined on a representative basis.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Representative Action Not Manageable)

23.     As a separate and distinct defense, Defendant alleges that this case is not properly maintained as a representative action because of the difficulties likely to be encountered in the management of a representative action.

## TWENTY-FOURTH AND ADDITIONAL DEFENSE

### (Failure to Provide Notice)

24.     As a separate and distinct defense, Defendant alleges that Plaintiff's claims for penalties under PAGA are barred by Plaintiff's failure to provide the LWDA sufficient notice of his claims, the names of the "aggrieved employees" on whose behalf he intends to seek penalties, and/or the facts underlying his claims, to permit the LWDA to make a reasoned determination regarding whether to investigate, and thus Plaintiff's notice was deficient and the Court lacks jurisdiction over his claims for violation of PAGA.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Unlawful Delegation)

25.     As a separate and distinct defense, Defendant alleges that Plaintiff's claims for penalties are barred to the extent private actions seeking statutory or civil penalties manifest an unlawful delegation of executive or other authority.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (De Minimis Doctrine)

26.     As a separate and distinct defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent the de minimis doctrine applies to Plaintiff's claims.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Legitimate Business Purposes)

27.     As a separate and distinct defense, Defendant alleges that Defendant cannot be liable for any alleged violation of the California Labor Code or the California Business and Professions Code because its actions were not unfair, fraudulent, nor likely to mislead, and its conduct and

dealings were lawful, as authorized by applicable state and federal statutes, rules, and regulations, and such actions, conduct, and dealings were carried out in good faith and for legitimate business purposes.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Acts or Omissions of Plaintiff)

28.     As a separate and distinct defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent that damages, if any, resulted from the acts and/or omissions of Plaintiff or any person on whose behalf relief is sought.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (No Knowledge of Uncompensated Work)

29.     As a separate and distinct defense, Defendant alleges that Defendant had no knowledge of, nor should it have had knowledge of, any alleged uncompensated work by Plaintiff and did not authorize, request, require, suffer, or permit any such activity by Plaintiff.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Independent Contractor Status)

30.     As a separate and distinct defense, Defendant alleges that the Complaint, and each purported cause of action therein, is barred on the grounds that Plaintiff and/or any couriers he seeks to represent are independent contractors.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Not Plaintiff's Employer)

31.     As a separate and distinct defense, Defendant alleges that the Complaint, and each purported cause of action therein, is barred on the grounds that Defendant was not and/or is not the employer of Plaintiff and/or any couriers Plaintiff seeks to represent.

## THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Constitutional Defects in Section 17200 *et seq.*)

32.     As a separate and distinct defense, Defendant alleges that any finding of liability under California Business & Professions Code Sections 17200, 17203, and 17204 would violate the Due

Process Clause of the Fourteenth Amendment to the United States Constitution, and of Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## THIRTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Constitutional Defects in Section 17200 *et seq.*)

33.    As a separate and distinct defense, Defendant alleges that any attempt to require Defendant to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Plaintiff May Not Represent the "General Public")

34.    As a separate and distinct defense, Defendant alleges that Plaintiff may not represent the "general public" because Plaintiff is not a public official designated in California Business & Professions Code section 17200 *et seq.*, nor does he possess any authority to represent the "general public."

## THIRTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Constitutional Defects in Private Attorneys General Act, Labor Code Section 2698 *et seq.*)

35.    As a separate and distinct defense, Defendant alleges that any finding of liability under Private Attorneys General Act, Labor Code § 2698 *et seq.*, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 7 of the California Constitution, because the standards of liability under these statutes are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## THIRTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Constitutional Defects in Private Attorneys General Act, Labor Code Section 2698 *et seq.*)

36.    As a separate and distinct defense, Defendant alleges that any attempt to require Defendant to identify, locate or notify absent persons on whose behalf this action is allegedly

Gibson, Dunn & Crutcher LLP

prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### THIRTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Constitutional Defects in Private Attorneys General Act, Labor Code Section 2698 *et seq.*)

37.    As a separate and distinct affirmative defense, Defendant alleges that any award under the Private Attorneys General Act, Labor Code § 2698, *et seq.*, to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### THIRTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (No Proximate Causation)

38.    As a separate and distinct defense, Defendant alleges that the damages alleged by Plaintiff, if any, were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

### THIRTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Acts or Omissions of Third Parties)

39.    As a separate and distinct defense, Defendant alleges that all or part of the damages alleged in the Complaint, if they occurred, were caused by the acts and/or omissions of other persons or entities for whose conduct Defendant is not legally responsible.  Plaintiff's alleged damages, if any, are therefore not recoverable from Defendant.  In the alternative, any damages which Plaintiff may be entitled to recover against Defendant, if any, must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of persons or entities other than Defendant.

### FORTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Res Judicata and/or Collateral Estoppel)

40.    As a separate and distinct defense, Defendant alleges that Plaintiff is barred from relief, in whole or in part, to the extent his claims are precluded under the doctrines of res judicata and/or collateral estoppel.

Gibson, Dunn &
Crutcher LLP

1

**FORTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

2

**(Unjust Enrichment)**

3       41.     As a separate and distinct defense, Defendant alleges that Plaintiff is barred from

4   relief, in whole or in part, to the extent it results in an unjust enrichment to Plaintiff and/or any person

5   on whose behalf relief is sought.

6

**FORTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

7

**(No Imminent or Irreparable Injury or Harm)**

8       42.     As a separate and distinct defense, Defendant alleges that Plaintiff is not entitled to

9   equitable relief because Plaintiff has not suffered injury or harm and will not suffer imminent and

10  irreparable injury or harm as a result of any action or conduct by Defendant.

11

**FORTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

12

**(Offset)**

13      43.     As a separate and distinct defense, Defendant is informed and believes and thereon

14  alleges that the Complaint is barred as against Defendant because the amounts claimed are overstated

15  or are subject to offset.

16

**FORTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

17

**(Payment and Release)**

18      44.     As a separate and distinct defense, Defendant alleges that Plaintiff was paid in full and

19  therefore Defendant is released from any and all continuing obligations to him.

20

**FORTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

21

**(Arbitration Agreement)**

22      45.     As a separate and distinct defense, Defendant alleges that the individuals whom

23  Plaintiff purports to represent in this action are barred from litigating their claims, in whole or in part,

24  in this Court to the extent their claims are governed by the terms of binding arbitration agreements.

25

**FORTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

26

**(Additional Affirmative Defenses)**

27      46.     As a separate and distinct defense, Defendant denies all allegations not expressly

28  admitted and specifically reserves the right to amend this Answer to assert additional affirmative or

other defenses that it may have against Plaintiff and/or supplement, alter, or change this Answer as may be warranted by the revelation of information during discovery and investigation.

**WHEREFORE,** Defendant requests that judgment be entered as follows:

1.      That Plaintiff take nothing by this action;

2.      That the Complaint be dismissed in its entirety with prejudice;

3.      That judgment be entered in favor of Defendant and against Plaintiff;

4.      That Defendant be awarded its costs of suit;

5.      That Defendant be awarded its attorneys' fees incurred herein; and

6.      That the Court award Defendant such other and further relief as the Court may deem just and proper.


Dated: March 29, 2019                          GIBSON, DUNN & CRUTCHER LLP


                                               By:   /s/ Dhananjay S. Manthripragada
                                               Dhananjay S. Manthripragada

                                               Attorneys for Defendant POSTMATES INC.

Gibson, Dunn & Crutcher LLP

1

## <u>JURY DEMAND</u>

2

Defendant Postmates Inc. hereby demands a jury trial on all issues so triable.

3

Dated: March 29, 2019                    GIBSON, DUNN & CRUTCHER LLP

4

5

6

By:   /s/ Dhananjay S. Manthripragada
Dhananjay S. Manthripragada

7

8

Attorneys for Defendant POSTMATES INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28